The State v. Gibbs.

---

THE STATE v. GIBBS.

1. **Criminal Law:** GRAND JURY: INDICTMENT. That a "grand jury were not selected, drawn, summoned, impaneled or sworn as prescribed by law," is not ground for setting aside the indictment of one who was held to answer before the finding of the indictment.

2. ——: PRACTICE IN THE SUPREME COURT. Where the record fails to disclose whether the defendant was held to answer before indictment, the Supreme Court will presume he was so held and sustain the decision of the court below, overruling a motion to set aside the indictment on the ground that the grand jury were irregularly drawn.

3. ———: CHALLENGE OF GRAND JUROR: ALIEN. The right to challenge a grand juror, on the ground that he is an alien, must be exercised before the jury is sworn. Failing to avail himself of it then, the defendant cannot afterwards urge the objection.

4. ———: PRESENTMENT OF INDICTMENT: EVIDENCE. The fact that an indictment was presented and filed after the adjournment of the court, cannot be established by affidavits. The correctness of the finding of the court below, that the indictment was regularly presented, will be presumed.

5. Grand Jury: AFFIDAVITS: EVIDENCE. Affidavits of grand jurors, that they did not assent to the finding of an indictment, are not admissible in support of a motion to set it aside.

*Appeal from Adair District Court.*

FRIDAY, SEPTEMBER 25.

THIS is an appeal from an order of the Dsitrict Court, overruling a motion made by defendant to set aside an indictment against him for the crime of embezzlement. The further facts appear in the opinion.

*J. & B. Leonard*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

MILLER, CH. J.—The indictment against appellant was presented February 17th, 1873. At the September term, 1873, of the court, defendant, after arraignment, filed a motion to set aside the indictment on the following grounds: " 1st. The said indictment was not presented and marked filed as prescribed in section 4648, of the Revision. * * * 2d. The said grand jury were not selected, drawn, summoned, impaneled, or sworn, as prescribed by law. * * * ."

Numerous affidavits, and the testimony of several witnesses were introduced in support of the motion.

I. It was attempted to show that the drawing of the jury was irregularly done by the clerk, auditor and *deputy* sheriff; that they " *did not compare the list as drawn off by the clerk with the list of names found on the poll books;* " that there had been one of the petit jurors drawn by mistake as a grand

juror; that a second drawing was had in which there were various departures from the directions of the statute, etc.

It is provided in the fifth sub-division of section 4337, of the Code, that the fact " that the grand jury were not selected, drawn, summoned, impaneled or sworn as prescribed by law," constitutes ground to set aside an indictment on motion, but Sec. 4339 provides that this ground of motion to set aside an indictment, " is not allowed to a defendant who has been held to answer before indictment."

1. CRIMINAL LAW; grand jury: indictment.

. The record in this case is silent as to whether the defendant was, or was not, held to answer before indictment; we must, therefore, presume in favor of the correctness of the ruling of the court on this point; that, conceding the ground of the motion to be sufficient if the defendant had not been held to answer before indictment, we must, in the absence of a contrary showing in the record, presume that he was so held, and that the motion was overruled for this reason. See *The State v. Wood*, 17 Iowa, 18; *The State v. Ingalls*, Id., 8; *Sta'e v. Howard et al.*, X, 101; *The State v. Ostrander*, 18 Id., 435. The provisions of the Code, above referred to, are the same as in the Revision, §§ 4691, 4693.

2. ———: practice in the Supreme Court.

II. There was evidence offered in support of the motion, tending to show that Charles Wilson, one of the members of the grand jury that found the indictment against appellant, was not a citizen of the United States, and therefore not qualified to act as a grand juror. If this fact were fully established, it is not made a ground for setting aside the indictment. (Chapter 19, of Code.) It is, however, expressly made a ground of challenge to an individual juror. Code, § 4261; Revision, § 4613. The defendant, if held to answer, had the opportunity to challenge this juror before the grand jury was sworn, but failing to do so then, he cannot urge this objection afterwards. Code, § 4266; Revision, § 4619. We have before seen that it must be presumed on the record before us, that the appellant was held to answer before the indictment was presented, and before the grand

3. ———: challenge of grand juror: alien.

jury was sworn. This objection, therefore, cannot be now urged against the juror as a ground for setting aside the indictment.

III. It is also urged that the indictment was not presented to the court in the presence of the grand jury, and marked filed by the clerk. The abstract of appellant does not give the indorsement by the clerk, of the indictment, as respects the filing of the same. Evidence is offered for the purpose of showing that the court had adjourned a few minutes before the grand jury presented the indictment. This evidence leaves it qiute uncertain whether the court had adjourned or not. The court could take judicial notice of the facts within his own observation and knowledge, and upon this determine the question. If the affidavits tend to show an adjournment, the finding of the court contradicts them, and we will presume that the facts within its own knowledge, and of which it could take judicial notice, and act thereon, were sufficient to warrant the finding.

*4. ——: presentment of indictment: evidence.*

IV. Appellant also filed in support of his motion affidavits of four of the grand jurors who found the indictment— for the purpose of showing that the indictment had not been found by the " concurrence of twelve grand jurors," as required in section 4645 of the Revision, Code, section 4291.

*5. GRAND JURY: affidavits: evidence.*

It is well settled by numerous decisions of this court that the affidavits of petit jurors cannot be received to impeach their verdict by showing any matter which essentially inheres therein, such as that the juror did not assent to the verdict, etc. *Wright v. The Ill. & Miss. Tel. Co.*, 20 Iowa, 195, and cases cited. The same reasons for refusing to allow a petit juror to impeach his verdict by an affidavit to the effect that he did not assent thereto, apply with equal if not greater force for refusing to hear a grand juror, after coming into open court with an indictment against a defendant, to say that he did not vote for the indictment. One of the reasons for rejecting an affidavit of a petit juror impeaching his verdict, is that " it might be the means, in the hands of a dissatisfied juror, to

destroy a verdict at any time after he had assented to it."
*Cook, Sargent & Cook v. Sypher*, 3 Iowa, 484, 486. So ought
a like affidavit by a grand juror to be rejected, because it might
be the means, in his hands, if dissatisfied with the indictment,
of destroying an indictment at any time after it has been pre-
sented with all the formalities of the law. Not only should
such affidavits be rejected on this ground, but the statute has
expressly made it the duty of every member of the grand
jury to keep secret its proceedings, and not disclose the fact
that an indictment has been found against any individual
except as provided by law, and " no grand juror shall be ques-
tioned for anything he may say, or any vote he may give in the
grand jury relative to a matter legally pending before them
except for perjury," committed in making an accusation or
giving testimony to their fellow jurors. Code §§ 4284, 4286,
Revision, §§ 4638, 4640.

The statute expressly enjoins upon each member of the
grand jury, the duty to keep secret its proceedings; this
includes, of course, the votes taken on the question of finding
an indictment, and as respects the votes of the individual
members of the grand jury, on the question of finding an
indictment, the clerk of the grand jury is prohibited from
recording, and no person, except the members of the grand
jury, are allowed to be present when such vote is taken. Code,
§§ 4275, 4282. Rev., §§ 4629, 4636. Thus the statute guards
the proceedings of the grand jury from publicity, and with
especial care does it prohibit the disclosure of the votes of
the individual grand jurors on finding an indictment. The
members of the grand jury are not only enjoined by the stat-
ute to keep secret the proceedings of that body, but a violation
of this injunction is a misdemeanor. Sec. 4284 of Code.

The statute also provides for the only disclosure a grand juror
is permitted to make of the proceedings of the grand jury.
He may be required to disclose the testimony of a witness
examined before the grand jury, for the purpose of ascertain-
ing whether it is consistent with that given by the witness
before court, or to disclose the testimony given before them of
a witness upon a charge of perjury against him. Code, Sec-

tion 4285. This statute provides the only occasions upon which it is lawful or permissible for a grand juror to disclose the testimony of a witness given before that body, but this section does not, nor does the statute anywhere else authorize a grand juror to disclose the vote of himself, or of any other member of the grand jury on finding an indictment.

Except as to the fact of finding an indictment for felony against a "person not in custody nor under bail," the injunction of secrecy imposed upon members of the grand jury is not temporary. It is general and without limitation as to time. We conclude, therefore, that the affidavits of the grand jurors in support of the motion in this case, are forbidden by the statute and should, for that reason, also, be rejected.

The ruling of the District Court will be

AFFIRMED.