THE STATE OF KANSAS v. MARY McLAUGHLIN.

1. INFORMATION — *Joinder of Counts.* A count for maintaining a nuisance, under § 13 of the prohibitory law, may be joined in an information with one or more counts charging illegal sales of intoxicating liquors, under § 7 of the same law.
2. ———— The record examined, and *held*, that no substantial error exists therein.

*Appeal from Geary District Court.*

THE facts are sufficiently stated in the opinion.

*Dever & Starnes,* for appellant.

*John N. Ives,* attorney general, and *James V. Humphrey,* county attorney, for The State.

Opinion by STRANG, C.: The information in this case charged Sim Irvine and Mary McLaughlin with the unlawful sale of intoxicating liquors, in three separate counts, and with keeping and maintaining a nuisance, in a fourth count. The defendant Mary McLaughlin demanded a separate trial, which was allowed, and the case is brought here as to her alone. The defendant moved that the fourth count be stricken out of the information. This motion was overruled, and the case went to trial on all four counts of the information. The defendant was acquitted on the first count and convicted on the other three. She moved for a new trial, which motion was overruled, and she brought the case to this court, and asks that the judgment of the court below be reversed for the following reasons:

I. The defendant alleges that it was error for the court to permit the joinder of the fourth count of the information, which charges the offense of maintaining a nuisance, with the other counts thereof, each of which charges the offense of illegally selling intoxicating liquors. Each of the counts in the information charges a misdemeanor, and each of the misdemeanors charged is of a kindred nature and grew out of vio-

lations of different sections of the same statute, relating to the same subject-matter, and, whether tried jointly or separately, must be tried in the same way, and largely upon the same evidence. We know of no reason, therefore, why they should not be joined, but on the other hand, think, because they must largely depend upon the same evidence in the trial thereof, that it is not only allowable to join them in the same information, but quite proper to do so. The reason assigned by the defense against the joinder of the fourth with the other counts in the information is, that the defendant is put at a disadvantage by such joinder in this, that the evidence introduced is used to convict the defendant of two separate and distinct offenses at the same time. It is true that evidence introduced for the purpose of proving the charges in the counts alleging illegal sales may at the same time be competent to prove, and be relied upon to establish, the allegations contained in the fourth count, which charges the maintenance of a nuisance. But we see no disadvantage in this to the defendant, since, if the counts charging illegal sales and the one charging the maintenance of a nuisance were separated, and the nuisance count was tried by itself, the same evidence used to prove the charges of illegal sales, in the trial of the case on the information containing the counts alleging such sales, could and would be resorted to for the purpose of sustaining the charge of maintaining a nuisance, on the trial of the case on the information containing such charge. The result, therefore, would be two formal trials, when one would secure the same purpose.

The defense also insists that there is nothing in the affidavits of witnesses filed with the information to justify a warrant for the arrest of the defendant upon the charge of maintaining a nuisance, and as the information is sworn to by the county attorney upon information and belief only, there is no foundation for the prosecution of the defendant on the fourth count, and the motion to strike it from the information should have prevailed. The affidavits do not specifically charge the maintenance of a nuisance, but they contain allegations of all the elements necessary to the offense of maintaining a nuisance.

They show the keeping and sale of liquor at a certain place in violation of law, and allege that the place is kept by the defendant and Sim Irvine. We think the evidence filed by the county attorney with the information sufficient, together with the oath of the county attorney, to justify the warrant on the charge contained in the fourth count of the information.

II. The second alleged error of the trial court consists in the reception thereby of evidence, over the objections of the defendant. We think these objections were based upon an imperfect comprehension of the scope of the evidence filed with the information. This evidence is very broad, and an examination thereof, together with the evidence objected to, satisfies us that there is no substantial error in the ruling of the trial court in relation thereto. The defendant objects to the sixth instruction, and says it is not warranted by the testimony of Scully filed with the information, nor by his evidence on the trial of the case; that it does not appear that he purchased or obtained any liquor from the defendant on the 15th of February, 1891. It is true his statement filed with the information, and his evidence on the trial, shows that he got the liquor of Sim Irvine. But the statements filed with the information show that Sim Irvine and the defendant *together* kept the place where the liquor was obtained, and the evidence on the trial of the case conclusively shows not only that the business carried on at the place described in each of the counts of the information, and in the evidence filed therewith, was the *joint* business of the defendant and Sim Irvine, but that they were *jointly* concerned in the *conduct* thereof. Sales were made by each in the presence as well as in the absence of the other. It being true, as the evidence conclusively shows, that the defendant owned the place where the business was carried on, and had a joint interest with Sim Irvine in the liquors kept and sold, and *personally* joined in the sale thereof, she not only approved and ratified all the sales made by Irvine, but was equally responsible under the law with him for the sales made by him. It follows, therefore, that she was

10 — 47 KAS.

responsible for the sales by Irvine to Scully, and the evidence of such sales was properly admitted to establish the charge against her, and the sixth instruction was supported by the evidence, and the defendant was properly convicted on the third count.

We do not think there is any substantial error in the eighth instruction. The first clause of the eleventh instruction as an abstract statement of the law is incomplete, but, when considered in the light of the evidence in the case, we do not think this part of the instruction contains any material error. The jury could not have been misled to the injury of the defendant, because, as above stated, the evidence conclusively shows that the defendant not only had a *joint* interest in the liquors sold, but that such liqors were sold *indiscriminately* by herself and Irvine for the benefit of *both*, and therefore sales made by Irvine were authorized by her, which rendered her equally responsible with him for such sales. There is no error in the last clause of the eleventh instruction.

We do not think the first instruction asked by the defendant properly states the law. We think the same evidence may, at the same time, on the same trial, be introduced and considered by the jury, for the purpose of establishing the illegal sales charged in the first, second and third counts of the information, and also for the purpose of proving the charge contained in the fourth count thereof.

We do not think the second instruction asked by the defendant properly states the law, because we believe the proof of *continued* sales of intoxicating liquor in violation of law by one or more persons, on his or their premises, kept by him or them, is *sufficient* to establish the fact that intoxicating liquors were kept on the premises for unlawful purposes.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.