## JESSE D. GITCHELL

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa March 31, 1893.*

1. CRIMINAL LAW—*of the indictment—not impeached by affidavits of grand jurors.* The statute of the State provides that the endorsement of "a true bill" upon an indictment, by the foreman of the grand jury, shall be evidence that it was found by twelve of the grand jurors. When the indictment, thus endorsed, is filed, it becomes a record of the court, and should not be subjected to attack by the members of the very body who, in presence of their foreman, stood by in silence and saw him present it to the court.

2. The affidavits of grand jurors are not admissible in evidence for the purpose of showing that twelve of their number were not in favor of finding a true bill which has been reported as found. The endorsement of an indictment as a true bill by the foreman is conclusive evidence, the same as any other matter of record.

3. An indictment, when properly endorsed and returned into court, becomes a record, and has all the legal verity which belongs to that species of evidence. An averment by way of plea can not be received against a record. The objection of non-concurrence, being an objection to answering the indictment in any form, can not be taken by formal plea. Nor is the verity of a record disputable by evidence on the trial. It is not triable by jury, but is addressed to the court.

4. SAME—*pleading to an indictment—admits its genuineness.* As a general rule, pleading to an indictment admits its genuineness as a record. After a party has pleaded to an indictment and been convicted, it is too late to object to the constitution of the grand jury.

5. SAME—*right of prosecuting attorney to be with the grand jury.* The prosecuting attorney may be present with the grand jury to give advice, to interrogate the witnesses, to draw such bills as the jurors are prepared to find, and to give such general instructions as they may require; but he is not to influence or direct them in respect of their findings, nor ought he to be present when they are deliberating upon the evidence, or when their vote is taken.

6. SAME—*rule of secrecy.* The same principle which forbids disclosure by the grand jurors, applies to all persons authorized by law to be present in the grand jury room, whether it be their clerk, or the officer in charge, or the prosecuting attorney.

7. SAME—*of joinder of counts—under the Dram-shop act.* A count for maintaining a nuisance under section 7 of the Dram-shop act, may be joined in an indictment with one or more counts charging illegal sales of intoxicating liquors under section 2 of the same act.

8. CHANGE OF VENUE—*trial of motion without formal denial.* If the applicant for a change of venue on account of the prejudice of the inhabitants of the county against him, goes into a hearing of his motion on his affidavits and counter-affidavits, without objection to the absence of a formal denial of the allegations, showing a prejudice, he can not afterward object to the want of such denial.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Ogle county; the Hon. JOHN D. CRABTREE, Judge, presiding.

This is an indictment against the plaintiff in error returned into open Court by the grand jury at the August Term, 1891, of the Circuit Court of Ogle County containing 25 counts, 24 of which charge sales of intoxicating liquor without a license, in violation of section 2 of the dram-shop act; and the 25th count charges the keeping of a nuisance in violation of section 7 of said act. (1 Starr & Cur. Stat. chap. 43, pages 967 and 970). On September 2, 1891, the defendant moved to quash the indictment and each count thereof, which motion was overruled, and exception taken. On the same day (Sept. 2) the defendant moved the court for a change of venue from Ogle County on account of the prejudice of the inhabitants thereof, accompanying the motion with his petition under oath and the affidavits of 15 persons in support thereof; in opposition to which the People filed the affidavits of 67 citizens denying the existence of such prejudice. On the next day (Sept. 3) the motion was heard upon the affidavits so filed—those of the people having been permitted to be filed and read over the objection of the defendant—and the motion and prayer for a change of venue were overruled, to which defendant excepted. Thereupon on the same day (Sept. 3), a jury was empanelled and the trial began. On September 5

the jury returned their verdict finding the defendant guilty as charged in the first fifteen counts and the twenty-fifth count of the indictment, which verdict was received and filed and the jury discharged.

On September 14 the defendant made a motion for leave to file the affidavits of 14 grand jurors and of the officer who had charge of the grand jury and his own affidavit, *nunc pro tunc,* as of September 2, 1891, in support of his motion to quash the indictment, which motion was overruled and exception taken. Thereupon the defendant suggested to the court, that the indictment was not found or agreed to by twelve grand jurors, and moved the court, that it inquire into the facts, and to amend the record according to the truth of the case. Upon the motions so to amend and for a new trial the defendant filed and read his own affidavit, and that of said officer, and also the affidavits of 14 grand jurors who swore that they agreed and consented to the finding of a true bill of indictment against Gitchell, but did not agree or consent to the finding of the 25th count charging him with keeping a nuisance, and that 12 members thereof did not agree to the same. Thereupon the People, in opposition to the affidavits of the defendant and over his objection, filed and read the affidavits of 15 grand jurors, who swore that they did consent and agree to the finding of the indictment including the nuisance count, and that more than 12 members agreed and consented to the finding, and knew that it was returned into court. Five of the grand jurors, who swore for the defendant that they did not consent to the finding of the nuisance count, swore for the People that they did consent and agree to the finding.

The motions to amend and for new trial were heard on September 19, 1891, and were overruled, to which defendant excepted. He thereupon made a motion in arrest of judgment, which was also overruled and exception taken. Judgment was then rendered upon the verdict. The case was taken by

writ of error to the Appellate Court where the judgment of the Circuit Court was affirmed. A writ of error has been sued out from this Court to the Appellate Court for the purpose of reviewing such judgment of affirmance.

Mr. E. F. DUTCHER, Mr. FRANC BACON, and Mr. D. D. O'BRIEN, for the plaintiff in error:

Grand jurors are competent witnesses to prove that twelve did not agree to find the indictment. 1 Greenleaf on Evidence, p. 285, sec. 252; *State* v. *Symonds*, 36 Me. 130; *People* v. *Shattuck*, 6 Abb. 35; *Lowe's case*, 4 Me. 453; *State* v. *Horton*, 63 N. C. 595; *Manion* v. *People*, 29 Ill. App. 540; *Smith* v. *Eames*, 3 Scam. 81; *Sawyer* v. *Stephenson*, Breese, 24; *People* v. *Hulbut*, 4 Denio, 133; *State* v. *Baker*, 20 Mo. 338; *State* v. *Oxford*, 30 Texas, 428; *United States* v. *Coolidge*, 2 Gallison, 363.

As to the secrecy of the proceedings of the grand jury, see *Commonwealth* v. *Hill*, 11 Cush. 140; *Littel's case*, 25 Gratt. 930; *Commonwealth* v. *Mead*, 12 Gray, 170; *Mackin* v. *People*, 115 Ill. 312; *Crocker* v. *State*, Meigs, 127; 1 Bishop on Crim. Proc. sec. 857.

It was certainly competent to prove by the officer the fact that twelve grand jurors did not agree to indict appellant for maintaining a nuisance. *Railroad Co.* v. *Able*, 59 Ill. 131; *United States* v. *Terry*, 39 Fed. Rep. 355.

The prosecuting attorney is not allowed in the jury room while they are deliberating upon the evidence or are voting to find a bill. 1 Bishop on Crim. Proc. sec. 861, and cases cited; *State* v. *Kimbell*, 29 Iowa, 267; *State* v. *Clough*, 49 Me. 573; *Shattuck* v. *State*, 11 Ind. 473; *State* v. *Addison*, 2 S. C. 365; *Commonwealth* v. *Bradney*, 126 Pa. St. 199.

The twenty-fifth count of the indictment sets out two distinct offenses in one count, and this is reversible error. *Commonwealth* v. *Symonds*, 2 Mass. 163.

The count charges an offense under section 7 of the Dramshop act, and also under section 57 of the Criminal Code. If the crime is defined by one section of a statute and the punishment by another, the indictment should conclude against the "statutes." *State* v. *Lewis,* Blackf. 303.

The affidavits filed by the State's attorney in opposition to the motion for change of venue do not state facts, and it was error to overrule the motion. *Price* v. *People,* 131 Ill. 233.

Mr. D. W. BAXTER, State's Attorney, for the People:

In Wharton on Criminal Pleading and Practice, sec. 379, the author says: "The affidavit of a grand juror will not be received to impeach or affect the finding of his fellows, even for the purpose of showing how many were present when the bill was found, or how many voted in its favor," and cites in support thereof, *State* v. *Fassett,* 16 Conn. 457; *State* v. *Baker,* 20 Mo. 238; *People* v. *Hulbat,* 4 Denio, 133; *State* v. *Gibbs,* 39 Iowa, 318; *State* v. *Mewherter,* 46 id. 88.

In Wharton on American Criminal Law, sec. 509, the author in discussing this question says: "The better opinion is, that an affidavit of a grand juror will not be received to impeach or affect the finding of his fellows, even for the purpose of showing how many were present when the bill was found, or how many voted in its favor," and cites in support thereof, in addition to the authorities noted above, *Regina* v. *Marsh,* 6 Ad. & El. 236; 1 N. & R. 187; *State* v. *Doon,* R. M. Charl. 1; *State* v. *McLeod,* 1 Hawk. 344.

In Wharton on Criminal Evidence, sec. 510, the author says: "A grand juror's testimony, however, will not be received to impeach the finding of his fellows, or even to show what was the vote on the finding," and cites, in addition to the above authorities, *McLellan* v. *Richardson,* 1 Shepl. 82; *Hurdekofer* v. *Colton,* 3 Wash. 56; *State* v. *Beebe,* 17 Minn. 241; *State* v. *Railroad Co.* 15 W. Va. 363; *Simm* v. *State,* 60 Ga. 145; *State* v. *Oxford,* 30 Texas, 428.

In volume 9 of American and English Encylopædia of Law, page 17, note 7, the author says: "In some States it has been held that a grand juror may not be compelled to testify as to whether twelve concurred in finding the indictment," and cites, in addition to cases above referred to, *Watts* v. *Territory*, 1 Wash. Ter. 409, *Creeh* v. *State*, 24 Md. 151, *State* v. *Hamlin*, 47 Conn. 114, *State* v. *Wammach*, 70 Mo. 410, and *State* v. *Davis*, 41 Iowa, 311, and then states that courts have held differently elsewhere, and cites *Lowe's case*, 4 Mo. 439, and others.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The plaintiff in error in this case offered to show by the affidavits of some of the grand jurors, that twelve members of the grand jury did not concur in the finding of the twenty fifth count of the indictment, which charged him with keeping a place that was a common nuisance. Is it allowable to show by the sworn statements of grand jurors, that twelve of their number did not consent or agree to the finding of the indictment returned into court, or is the indorsement of the same as "a true bill" by the foreman conclusive upon the subject?

When we recur to the authorities for an answer to this question, we find them conflicting. Greenleaf in his work on Evidence says: "Grand-jurors may also be asked whether twelve of their number actually concurred in the finding of a bill, the certificate of the foreman not being conclusive evidence of that fact." (1 Greenl. on Ev. sec. 252, referring to 4 Hawk. P. C. b. 2, ch. 25, sec. 15; *McLellan* v. *Richardson*, 1 Shepl. 82; *Lowe's case*, 4 Greenl. 439; *Commonwealth* v. *Smith*, 9 Mass. 107). The leading case in favor of the position that such testimony may be resorted to is *Lowe's Case*, 4 Greenl. (Me.) 439, which has been followed in *State* v. *Symonds*, 36 Me. 128, and *Territory* v. *Hart*, 7 Montana, 42. To the same effect, also, are *State* v. *Horton*, 63 N. C. 595; *People* v. *Shattuck*, 6 Abb. N. C. (N. Y.) 33; *Sparrenberger* v. *The State*, 53 Ala. 481.

On the other hand, Wharton in his work on American Criminal Law says: "The better opinion is that an affidavit of a grand juror will not be received to impeach or affect the finding of his fellows, even for the purpose of showing how many were present when the bill was found, or how many voted in its favor." (1 Wharton's Am. Crim. Law, 1868, sec. 509). The same author makes the same statement in his work on Criminal Pleading and Practice—8 ed.—sec. 379. He also says in his work on Criminal Evidence: "A grand juror's testimony, however, will not be received to impeach the finding of his fellows, or even to show what was the vote on the finding." (Wharton's Crim. Ev. sec. 510). In the American and English Encyclopedia of Law, in a note to the statement in the text, that "grand jurors may not be compelled to testify as to the proceedings in the jury room unless it becomes necessary for purposes of public justice or for the protection of private rights," it is said: "In some States it has been held that a grand juror may not be compelled to testify as to whether twelve concurred in finding the indictment. * * * But courts have held differently elsewhere;" and the authorities on both sides of the question are referred to. (9 Am. & Eng. Enc. of Law, page 17, note 7).

The cases quoted in the text books as sustaining the position, that such testimony cannot be resorted to, are the following: *State* v. *Baker*, 20 Mo. 338; *State* v. *Hamlin*, 47 Conn. 114; *State* v. *Gibbs*, 39 Iowa, 318; *State* v. *Davis*, 41 id. 311; *State* v. *Mewherter*, 46 id. 88; *Creek* v. *The State*, 24 Ind. 151; *Watts* v. *Washington Territory*, 1 Wash. T. 409; *State* v. *Oxford*, 30 Tex. 428; *The King* v. *Marsh*, 6 Ad. & El. 236; *State* v. *Fassett*, 16 Conn. 457; *State* v. *Wammack*, 70 Mo. 410; *State* v. *Beebe*, 17 Minn. 241; *State* v. *B. & O. R. R. Co.* 15 W. Va. 362; *Sims* v. *The State*, 60 Ga. 145.

In the leading case of *State* v. *Baker, supra, Lowe's case,* and the authorities therein referred to, are commented upon and distinguished; and it appears that the decision of the

latter case was based mainly upon peculiar provisions of the constitution of Maine, as it existed in 1827. After a careful examination of the foregoing authorities we are inclined to hold the safer rule to be, that the affidavits of grand jurors ought not to be received for the purpose of showing that twelve of their members were not in favor of finding a true bill against the accused.

Section 16 of the jury Act of this State provides, that "a full panel of the grand jury shall consist of 23 persons, 16 of whom shall be sufficient to constitute a grand jury;" and section 17 thereof provides, that, "after the grand jury is impanelled, it shall be the duty of the court to appoint a foreman, who shall have power to swear or affirm witnesses to testify before them, and whose duty it shall be, when the grand jury, *or any twelve of them,* find a bill of indictment to be supported by good and sufficient evidence, to endorse thereon, 'A true bill;' where they do not find a bill to be supported by sufficient evidence, to indorse thereon, 'Not a true bill;' and shall, in either case, sign his name as foreman at the foot of said endorsement, and shall also, in each case in which a true bill shall be returned into court as aforesaid, note thereon the name or names of the witness or witnesses upon whose evidence the same shall have been found." (2 Starr & Cur. Ann. Stat. pages 1424, 1425). Section 5 of Division XI of the Criminal Code also provides, that, "in finding a bill of indictment, at least 16 of the grand jury shall be present, and at least 12 of them shall agree to the finding;" section 9 of said Division provides that "all exceptions which go merely to the form of an indictment shall be made before trial, and no motion in arrest of judgment, or writ of error, shall be sustained for any matter not affecting the real merits of the offense charged in the indictment;" and section 10 of said Division provides, that "no grand juror, or officer of the court, or other person shall disclose that an indictment for felony is found, etc.,   *   *   * *nor shall any grand juror state how any member of the jury voted,*

*or what opinion he expressed on any question before them;* and the court, in charging said jury, shall impress upon their minds the provisions of this section." (1 Starr & Cur. pages 857 and 859.)

The statutory injunction of secrecy as to "how any member of the jury voted, or what opinion he expressed," is in line with the general policy of the law, which is that the preliminary inquiry as to the guilt or innocence of an accused party shall be secretly conducted. In furtherance of justice and upon grounds of public policy, the law requires that the proceedings of grand juries shall be regarded as privileged communications, and that the secrets of the grand jury room shall not be revealed. The reasons, usually given for this requirement in the text books and decided cases, are to prevent the escape of the accused, to secure freedom of deliberation and opinion among the grand jurors, and to prevent the testimony produced before them from being contradicted at the trial by subornation of perjury. (1 Greenl. on Ev. sec. 252).

If grand jurors are allowed to state, that twelve of their number did or did not concur in finding the indictment, it is difficult to see how they can avoid disobeying the injunction, not to state "how any member of the jury voted," because the accuracy of the statement as to how many did or did not concur could hardly be tested by cross-examination, or otherwise, without revealing what particular jurors voted for the indictment, or what ones voted against it. Accordingly, the requirement of secrecy should apply as well to the question whether or not twelve members of the grand jury agreed to the finding, as to any of the other proceedings of the body.

In *State* v. *Baker, supra,* the defendant moved to quash the indictment upon the alleged ground, that it "was not found by any twelve of the grand jury;" but it was held that members of the grand jury would not be permitted to state the fact that 12 did not concur; and the court said: "The grand juror has an important trust to perform. * * * Now, in

order to protect him, as well as to secure the punishment of the guilty, strict and rigid secrecy is required and enjoined upon the members of this inquest. The grand juror is expressly exempted from all obligation to testify in what manner he or any other member of the grand jury voted on any question before them, or what opinions were expressed by any juror in relation to such question. * * * Counsel for the prisoner contends, that the grand jurors do not testify how they voted on this case when before them; they only testify that they did not vote at all. This is just as much prohibited, as their voting is, from being told; for, by allowing each one to say, 'I did,' or 'did not vote,' the prisoner will easily find out those who voted for the bill and those who did not vote for it. * * * This is what the law will not allow. Again, permit this conduct or this course of acting before the grand jury to be the subject of proof on a motion to quash, etc., * * * and a corrupt grand juror may withhold his vote on purpose, in order to be used afterwards as a witness. * * * Again, permit this course to be allowed, and every inducement for a guilty man and his friends to tamper with the grand juror is at once presented."

In *State* v. *Gibbs, supra,* the defendant filed, in support of his motion to set aside the indictment, affidavits of four grand jurors for the purpose of showing that the indictment had not been found by the "concurrence of twelve grand jurors," and it was held that such affidavits were inadmissible, the court saying: "The same reasons for refusing to allow a petit juror to impeach his verdict by an affidavit to the effect that he did not assent thereto, apply with equal, if not greater force, for refusing to hear a grand juror, after coming into open court with an indictment against a defendant, to say that he did not vote for the indictment. One of the reasons for rejecting an affidavit of a petit juror impeaching his verdict, is that it might be the means, in the hands of a dissatisfied juror, to destroy a verdict at any time after he had assented to it.

\* \* \* So ought a like affidavit by a grand juror to be rejected, because it might be the means, in his hands, if dissatisfied with the indictment, of destroying an indictment at any time after it has been presented with all the formalities of the law. Not only should such affidavits be rejected on this ground, but the statute has expressly made it the duty of every member of the grand jury to keep secret its proceedings, etc. \* \* \* Thus the statute guards the proceedings of the grand jury from publicity, and with especial care does it prohibit the disclosure of the votes of the individual grand jurors on finding an indictment."

The statute of Illinois expressly provides, that the endorsement of "a true bill" upon the indictment by the foreman of the grand jury shall be evidence, that it has been found by twelve of the grand jurors. The further requirement, that the names of the witnesses shall be endorsed upon the bill, serves to fix its identity, and as a protection against mistakes. When the indictment, thus indorsed, is filed, it becomes a record of the court, "and it should not be subjected to the attacks of parol proof by the members of the very body who, in presence of their foreman, stood by in silence and saw him present it to the court." (*State* v. *Baker, supra*). The hardship, which an accused party may suffer because he is not allowed to go behind an indictment to see how it has been found, will be small compared with the incalculable mischief which will result to the public at large from a disclosure of what the law deposits in the breast of a grand juror as an inviolable secret. An innocent person will not be hurt by being forbidden to thus go behind the indictment, "for he can always vindicate himself in a trial upon the merits." (*State* v. *Baker, supra.*)

The cases, which hold that the testimony of grand jurors may be received to show a non-concurrence of twelve in the finding of the indictment, also hold that the suggestion of such non-concurrence must be made at the earliest possible oppor-

tunity which the accused has to be heard in court. The indictment, when properly indorsed and returned into court and filed, being a record of the court, has all the legal verity which belongs to that species of evidence. An averment by way of plea cannot be received against a record. The objection of non-concurrence, being an objection to answering the indictment in any form, cannot be taken by way of formal plea. Nor is the verity of a record disputable by evidence on the trial. It is not triable by a jury, but is addressed to the court. As a general rule pleading to an indictment admits its genuineness as a record. (*Lowe's case, supra; Sparrenberger* v. *The State, supra;* 1 Bish. on Crim. Proced.—2 ed.—sec. 885). "After a party has pleaded to an indictment, and been convicted, it is too late to object to the constitution of the grand jury." (1 Bish. on Crim. Proced.—2 ed.—sec. 887). Although the general rule, that the motion to quash can be founded only on some defect apparent on the face of the indictment, has been made to yield in some instances in favor of the discretionary power of the court to look into what is brought to its attention outside of the indictment, yet even in such instances the motion to quash ought to be made at an early stage of the cause, and has been held to be inadmissible after verdict. (1 Bish. on Crim. Proced. secs. 762, 763).

The cases holding the testimony of grand jurors to be allowable to establish the non-concurrence of twelve in the finding of the indictment, also hold that the motion to quash, or dismiss on account of such non-concurrence, will only be sustained in a very clear case, and where it is made to appear manifestly and beyond reasonable doubt that the indictment was not agreed to by the requisite number of grand jurors. (*Lowe's case, supra*).

In the case at bar, the suggestion, that 12 jurors did not consent to the finding of the 25th count of the indictment, was not made to the court until the case had been tried, and the jury had returned a verdict of guilty against the defendant.

If it were allowable to consult the affidavits of the grand jurors submitted upon the motion to quash in this case, it would not only appear that the non-concurrence of twelve was not clearly established, but rather that the last count with all the others was agreed to by twelve of the grand jurors. The fact, that five members of the grand jury, who swore on behalf of the defendant that twelve did not concur, have also sworn on behalf of the People that twelve did concur, illustrates the danger of the doctrine contended for by the plaintiff·in error. We are, therefore, of the opinion, that the trial court committed no error in refusing to quash the indictment, or in overruling the motion to amend the record.

The same principle, which forbids disclosure by the grand jurors, applies to all persons authorized by law to be present in the grand jury room, whether it be their clerk, or the officer in charge, or the prosecuting attorney. (*The People* v. *Hulbut,* 4 Denio, 133; *State* v. *Hamlin, supra;* 1 Greenl. on Ev. sec. 252).

We find nothing in the record to indicate that there was any improper conduct on the part of the prosecuting attorney before the grand jury. He may be present to give advice, to interrogate witnesses, to draw such bills as the jurors are prepared to find, and to give such general instructions as they may require, but he is not to influence or direct them in respect of their finding; nor ought he to be present when they are deliberating upon the evidence, or when their vote is taken. (1 Bish. on Crim. Proceed.—2 ed.—sec. 861; Wharton's Crim. Pl. and Pr.—8 ed.—sec. 366; *State* v. *Baker, supra; Com.* v. *Bradney,* 126 Pa. St. 199; *State* v. *Adam,* 40 La. Ann. 746).

We think that the motion for a change of venue on account of the alleged prejudice of the inhabitants of the county was properly overruled. The defendant filed affidavits to show the existence of such prejudice, and the people filed affidavits to show that there was no such prejudice. The trial court decided in favor of the showing made by the latter affidavits,

and we are not prepared to hold that its decision was contrary to the right of the case. (*Dunn* v. *The People*, 109 Ill. 635; *Price* v. *The People*, 131 id. 223). It is objected that the State's attorney did not file a formal denial of the allegations of defendant's petition for a change of venue. The statute says: "the attorney on behalf of the People may deny the facts stated in the petition, and support his denial by counter affidavits, etc." (Rev. Stat. ch. 146, sec. 22). It would appear that in the *Dunn* and *Price cases, supra,* general denials of the facts tending to show prejudice as stated in the petition were filed by the State's attorneys. In the present case, however, the application for change of venue was heard upon the counter affidavits of the People without any objection by the defendant that the formal denial had not been filed; and we think that the right of the defendant to complain, if it ever existed, has been waived by failing to object, and by proceeding to a hearing in the absence of the formal denial.

A count for maintaining a nuisance under section 7 of the Dram Shop Act may be joined in an indictment with one or more counts charging illegal sales of intoxicating liquors under section 2 of the same Act. (*State* v. *McLaughlin*, 47 Kans. 143). Therefore, the objection to the first instruction given for the People is without force. Equally untenable are the objections urged against instructions for the People numbered 5 and 6.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*