Minnie Kirsch, Appellee, v. Edward Walter et al., Appellants.

1. EVIDENCE—*when admission of conclusions of witness not error.* The admission by the trial court of conclusions of law will not reverse where no objection was made to such evidence upon the ground that it stated conclusions.

2. EVIDENCE—*what proper upon cross examination.* Upon the cross examination of a witness it is proper to permit a full inquiry with respect to any matter touched upon on direct examination.

3. EVIDENCE—*when testimony of grand jurors competent.* Grand jurors may be compelled to testify to proceedings in the jury room if it is necessary for purposes of public justice or for the protection of private rights.

4. INSTRUCTIONS—*must not assume facts in dispute.* An instruction is erroneous and ground for reversal which assumes the existence of the principal fact upon which the defense is predicated.

Action in case for malicious prosecution. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1909. Reversed and remanded. Opinion filed November 13, 1909.

W. M. VANDEVENTER and W E. KNOWLES, for appellants.

B. H. CANBY, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This is a suit for malicious prosecution, the trial of which resulted in a verdict and judgment in favor of

the appellee in the sum of $300 against the appellants, Walter, Knowles and Vandeventer. A verdict of not guilty was rendered as to the other two defendants.

The declaration charges that all the defendants at the September term, 1906, of said City Court of East St. Louis, appeared before the grand jury thereof and falsely, maliciously and without probable cause, charged the appellee with feloniously taking, stealing and carrying away certain merchandise and chattels of the defendant, Edward Walter; that she was thereupon indicted by the grand jury for larceny, arrested by the sheriff and arraigned for trial; and that she was discharged out of the custody of the court, on a *nolle prosequi* entered in said cause by the State's Attorney.

We are now considering this case on a rehearing. This cause was affirmed by this court on the 12th of September, 1908, because of the failure of appellants to attach to the record an assignment of errors, although an assignment of errors was found printed in the abstract. The petition of the appellants for a rehearing and for leave to attach the assignment of errors to the record has been granted, and the same assignment of errors printed in the abstract has been attached to the record.

The chief defense relied on in this case by the appellants, as appears from the record, is that they are not guilty of prosecuting the plaintiff at all, either maliciously or otherwise; that is to say, that they neither procured, nor in any manner aided or encouraged the procuring of the indictment of the plaintiff for larceny. The testimony of the foreman and clerk of the grand jury, and of all of the defendants is, in substance, that not one of the defendants ever gave any evidence before the grand jury in any wise tending to incriminate the appellee. Their evidence is entirely corroborated by the sworn statements signed by the several defendants, which the clerk of the grand jury, Harry S. Kramer, says contain the substance of their evidence. The only time her name was mentioned before the grand jury,

as these witnesses and these exhibits testify, was when Mr. Walter was asked who owned the store-house in which were his goods and chattels in question. His answer was in substance that he leased it from Minnie Kirsch. The evidence of the clerk and foreman of the grand jury tend to show that the State's Attorney wrote up the indictment and that the grand jury without ever reading it and without knowing appellee's name was in it, unanimously voted for a true bill believing it simply an indictment against Francis Kirsch, her husband, and August Latinette.

The only evidence introduced by the plaintiff that tends to prove that the defendants procured, or aided in procuring the indictment against this appellee, is, first, the indictment itself, together with the further fact that the only names of witnesses endorsed thereon were the names of the five defendants in this cause; second, the affidavit of Judge Canby for a continuance of the case admitted by the defendants, stating in substance that plaintiff expects to prove by F. J. Tecklenberg, State's Attorney, and Harry S. Kramer, clerk of the grand jury, that on September 27, 1906, the defendants appeared before said grand jury and falsely and maliciously, and without probable cause, charged the plaintiff with stealing the goods and chattels of Walter, described in the declaration, upon which evidence the grand jury found said indictment; and, by Tecklenberg, that he prosecuted the plaintiff and at the close of the evidence entered a *nolle prosequi* as to her, because there was no evidence showing her guilty of larceny, or showing any reasonable or probable cause for her indictment.

It is insisted by appellants that this affidavit should not have been admitted because it is improper as only stating conclusions of the witnesses. It is true that this affidavit contains only mere conclusions of the witnesses and ultimate facts to be passed on by the jury. On objection made to it for those reasons it should have been excluded from the jury by the court. It is

not proper to allow any witness to state to the jury that the defendants "falsely and maliciously, and without probable cause, charged the plaintiff with stealing the goods of Walter." These are some of the ultimate facts on which the jury were to pass. Only the evidentiary facts upon which these conclusions are based, if any, were proper for the jury to hear. But there is no error in the court in admitting this evidence because no such objections to it were made by the defendants. It is the business of the attorneys, and not of the court, to object to improper evidence. It is too late now to complain for the first time. The court only permitted the affidavit to be read as the evidence of Tecklenberg, as Mr. Kramer came into the court room before it was put in evidence.

In his examination in chief by appellee, Mr. Kramer swears that the defendants testified before the grand jury in the criminal case. He also testified that he did not know that the appellee was indicted by the grand jury. On cross examination by the defendants he was asked these questions: "Do you remember what Mr. Knowles testified to?" "You stated that you did not know that Minnie Kirsch was indicted, didn't you?" To each of these questions plaintiff objected, on the ground that the witness, a member of the grand jury, should not be permitted to contradict the record, the indictment; and that these questions were not proper as cross examination. The court sustained these objections and the defendants excepted to the ruling of the court. In these rulings we think the court erred. The effect of the appellee's proving that the defendants testified before the grand jury and that they were the only witnesses endorsed on the indictment, in connection with the proof that appellee was indicted, was certainly to impress the jury that the defendants, or some of them, gave evidence tending to prove her guilty of larceny. The defendants had the right then by way of cross examination to show that Mr. Knowles, or any other of the defendants, gave no such evidence,

if he could do so by this witness. The appellee had already by her examination elicited from the witness the fact that he knew nothing of this appellee being included in the indictment, although a member of the grand jury and present when it was proposed and passed upon as a true bill. The defendants then certainly had the right to cross examine him further on this question. The ruling of the court seems to be based on the holding of the Supreme Court in Gitchell v. People, 146 Ill. 175, to the effect that an indictment should not be subjected to attack by the members of the grand jury who returned it into open court as "a true bill," or by any other persons authorized by law to be present in the grand jury room. That ruling was made on the trial of the party accused in the indictment and was proper and right in that case. The Supreme Court said in that case, "The hardship, which an accused party may suffer because he is not allowed to go behind the indictment to see how it has been found, will be small compared with the incalculable mischief which will result to the public at large from a disclosure of what the law deposits in the breast of a grand juror, as an inviolable secret. An innocent person will not be hurt by being forbidden to thus go behind the indictment, for he can always vindicate himself in a trial upon the merits." But what shall we say of these defendants now before us? Would it not be a rank injustice to them to say that they shall not be permitted to prove by the grand jurors, or any of the parties present when their evidence was heard, that they actually did nothing and said nothing to cause this woman to be indicted, and that there was no intention of the grand jury to indict her? Suppose on the other hand that there is a prosecution against a party for perjury in giving testimony before the grand jury, if this rule is to be invoked then the perjurer, if he be one, goes free because there could be no evidence against him. If this rule is to be taken without exception there would be no end to the mischief that might

be done by perjurers in the grand jury room and the public would be powerless to prevent it. The Supreme Court did not mean for us to accept the above rule without exception, as appears clearly on page 181 of said opinion where they quote approvingly Am. and Eng. Ency. of Law, 9 vol. 17 (first ed.), as follows: ''Grand jurors may not be compelled to testify as to the proceedings in the jury room unless it becomes necessary for purposes of public justice or for the protection of private rights.''

In Underhill on Crim. Ev., section 191, it is laid down as the rule that a grand juror is not compellable to testify as to matters that took place in the grand jury room, unless it is absolutely necessary for him to do so in order to prevent a miscarriage of justice. It is also stated there, too, that where justice requires it, an indictment may be shown to have been endorsed a true bill by mistake by the evidence of one of the grand jurors. See also Burr W. Jones on Ev., vol. 3, sec. 783.

The defendants should have been permitted to show if they could by the evidence of these grand jurors, that the indictment of the appellee was a mistake; that there was no evidence against her before the grand jury, if that was the case; and that the grand jury only voted to indict Francis Kirsch and August Latinette.

Appellee's second instruction is erroneous and should not have been given to the jury. It reads thus: ''If you believe from the evidence the defendants had no probable cause to believe that plaintiff had been guilty of the crime of larceny, then and in such case you may infer malice from such want of probable cause.'' This instruction assumes the very fact that these appellants deny, that is, that they prosecuted her at all. The jury are told by this instruction that if they had no probable cause to believe her guilty of larceny, that they might infer malice, and without requiring a further finding on the main disputed question in the

case. If the defendants did not make any attempt to prosecute her, as they claim, all grounds for inferring malice are wanting, and the instruction was therefore misleading.

We have passed on all the principal rulings of the court that are assigned as error by the appellants except those challenging the sufficiency of the evidence to support the judgment. As the case will have to be reversed and remanded for a further trial in the court below, we do not deem it proper to express an opinion on the merits of the case on the evidence. For the errors indicated the cause is reversed and remanded for a new trial.

*Reversed and remanded.*