## THE STATE v. GEORGE OXFORD ET AL.

The 483d article of the Code of Criminal Procedure reads as follows: "A mo-
tion to set aside an indictment or information shall be based on one or more
of the following causes, and no other: 1. That it appears by the records of
the court that the indictment was not found by at least twelve grand jurors,
or that the information was not presented after oath made, as required in
article 404. 2. That some person, not authorized by law, was present when
the grand jury were deliberating upon the accusation against the defend-
ant, or were voting upon the same, and the issue of fact arising thereon

shall be tried by the judge without a jury." (Paschal's Dig., Art. 2950.) This but follows the common-law, which does not suffer the verity of a record to be assailed.

Where an indictment had been regularly returned by the grand jury, noted, and filed, and the defendant, upon arraignment, plead that the indictment was not the act of the grand jury, but the same was returned by mistake, it was error to entertain such a plea.

Where the defendant plead that the indictment was not the act of the grand jury, upon which plea the State took issue, and the court admitted the foreman and six of the grand jurors to prove that no action had in fact been taken, and to explain how the mistake occurred, such a practice was erroneous.

Grand jurors are not permitted to testify against their records as officially reported.

APPEAL·from Erath. The case was tried before Hon. JOHN J. GOOD, one of the district judges.

The opinion turned upon a question of practice, and the facts are sufficiently stated in the opinion of the court.

No brief for the state has been furnished to the *Reporter*.

*S. H. Renick*, for appellee.

CALDWELL, J.—The grand jury, at the fall term for 1866, presented an indictment for murder against appellee, alleged to have been committed March 12, 1863. It was duly noted on the minutes, and became part of the record of the district court.

On being arraigned defendant filed a plea in abatement, averring that the "pretended indictment in this cause is not the act of the grand jury of Erath county, and, if so returned, it was done by mistake, and without the action of the grand jury; wherefore he prays that said indictment be abated;" upon which the state took issue, and the same was submitted to a jury.

The defendant called seven of the grand jurors, including the foreman, as his only witnesses, to the introduction of whom the state objected; objection overruled; exceptions, and notice of appeal.

The foreman admitted that his signature to the indictment was genuine, but had no recollection of any such bill having been acted on by the grand jury; so also his fellows.

The records were then introduced, and read as evidence of the regularity of the proceedings.

It was also in evidence that but sixteen jurors were impanneled at the time the bill was found, evidently to negative the fact that there could not have been a concurrence of twelve jurors in finding the bill, as seven had disclaimed.

The court charged the jury that the presence of the indictment, signed by the foreman, was, *prima facie*, evidence of its genuineness, but that this presumption could be rebutted, and the burden of so doing rested on the defendant.

Verdict: "The indictment was not the act of a grand jury;" whereupon judgment follows that the defendant be discharged.

Thus is the question raised whether an indictment, properly charging an offense, presented by a grand jury of the county, in a court having jurisdiction of the same, can be questioned on the ground of error or mistake of the authority presenting it.

We are of opinion that it is summarily disposed of by our Code of Criminal Procedure.

The only pleading authorized "to set aside an indictment or information shall be based on one or more of the following causes: First, that it appears by the records of the court that the indictment was not found by at least twelve grand jurors; second, that some person not authorized by law was present when the grand jury was deliberating."

Our code but follows the principles of the common law, which do not suffer the verity of a record to be thus assailed.

It is admitted that the indictment is good on its face, signed and presented by lawful authority.

It has never been the practice in this state for courts to entertain a motion to set aside an indictment, except for

causes apparent on the face of the record, nor are we aware of such a practice ever having prevailed elsewhere.

We are not prepared to say upon principle that a plea alleging fraud and other extrinsic matter may not be set up and proved to set aside an indictment.

But the proof must come from other sources than the grand jury. It is true, in a few familiar instances a grand juror may be introduced to testify in relation to matters occurring in the grand-jury room, but never can he be required to disclose how he or either of his fellows voted on an indictment by them preferred.

To sanction such a precedent would subject our grand juries to influences utterly destructive of our criminal laws. If four, or enough to reduce the body below a quorum by intimidation or corruption, could be induced in this manner to negative the finding of a true bill, it will be admitted that trials for murder would seldom occur.

For these reasons, we think the defendent's plea ought to have been stricken out on motion. Not having been done, the cause is reversed and remanded, with instructions that it be so done.

REVERSED AND REMANDED.