[In Bank.— January 31, 1884.]

## EX PARTE SONTAG, ON HABEAS CORPUS.

CONTEMPT — GRAND JUROR — SETTING ASIDE INDICTMENT. — On a motion to set aside an indictment, a grand juror cannot be required to answer a question as to how he voted upon the finding of the indictment, and his refusal to do so is not a contempt of court.

APPLICATION for a writ of habeas corpus. The facts are stated in the opinion.

*Darwin & Murphy*, and *J. D. Sullivan*, for Petitioner.

*Geo. W. Tyler*, and *George Flournoy*, contra.

McKinstry, J. — The petitioner was committed to prison by the Superior Court, as being guilty of contempt in refusing to answer the question (upon motion to set aside an indictment) whether he as grand juror voted for finding the indictment.

The form of the oath, in general use for centuries, binds the grand juror to preserve inviolate the secrets of the grand jury room. Public policy would seem to forbid vain disclosures made to gratify idle curiosity. "But," say Thompson and Merriam, "when, for the purposes of public justice, or for the protection of private rights, *it becomes necessary*, in a court of justice, to disclose the proceedings of the grand jury, the better authorities now hold that this may be done. It is obvious that there are certain transactions of the grand jury room which it can never be for the interests of justice to disclose; for example, *what particular jurors* concurred in or opposed the finding of the indictment; what opinions were expressed by various members of the body. In respect to such matters the injunction of secrecy may well be perpetual." (Thom. & Mer. on Juries, § 703.)

The furthest any of the cases cited by the text writers, from whom we have quoted, have gone towards permitting an inquiry by means of the testimony of grand jurors themselves into the mode of finding an indictment, is to allow the question, did twelve grand jurors concur in finding the indictment? Thus in *Low's Case*, 4 Me. 439, that question was permitted, but both the judges who delivered opinions in that case were careful to exclude any inference that it would be proper to inquire how a particular juror voted. Weston, J., said: "The oath of the grand juror requires him to keep secret the State's counsel, his fellows' and his own. Of this character may be, what particular jurors agreed or dissented upon the question whether a true bill or not. . . . . But the fact whether twelve or more concurred or not in the bill is *not a secret*. It is a result which they are required, through their organ, the foreman, to make known." And Preble, J., added: "*How* any juror voted is a secret no juror is permitted to disclose; but whether twelve of their number concurred in finding a bill *is not* a secret of the State, their fellows, or their own. It is a fact they of necessity profess to disclose every time they pro-

mulgate their decision upon any bill laid before them." The
Supreme Court of Maine in effect held that the fact whether
twelve concurred in finding an indictment could be inquired
into by the testimony of the grand jurors, on motion, but that
in pursuing such inquiry the grand juror could not be required
to state whether he voted for or against the indictment.

In other courts, however, the inquiry has been limited still
more. "By such courts grand jurors will not be permitted to
testify whether they voted at all, how they or their companions
voted, or whether twelve concurred in the finding." (Thom. &
Mer. on Juries, § 704, and cases cited in note.)

No case has been called to our attention in which it has been
held that a grand juror could be compelled to answer how he
voted with respect to the finding of a particular indictment.

In this State the whole matter is regulated by statute. The
oath of the grand juror is: "You will keep your own counsel
and that of your fellows and of the government, and will not,
except when required in the due course of judicial proceedings,
disclose the testimony of any witness examined before you, nor
anything which you or any other grand juror may have said,
nor the manner in which you or any other grand juror may
have voted on any matter before you." (Pen. Code, § 903.)

Section 926 of the Penal Code reads: "Every member of
the grand jury must keep secret whatever he himself or any other
grand juror may have said, or in what manner he or any other
grand juror may have voted on a matter before them; but may,
however, be required by any court to disclose the testimony of
a witness examined before the grand jury, for the purpose of
ascertaining whether it is consistent with that given by the wit-
ness before the court, or to disclose the testimony given before
them by any person, upon a charge against such person for per-
jury in giving his testimony, upon trial therefor."

Section 926 specifies the exceptional cases in which a court
may require a grand juror to disclose any matter transpiring in
the jury room, and provides that he must keep secret other mat-
ters, including " in what manner he or any other grand juror
may have voted on a matter before them." Reading together
sections 903 and 920, it is apparent that the exception stated in
the former section is intended to apply only to the clause which

immediately succeeds it—"You will not, except *when required*
in the due course of judicial proceedings, disclose the testimony of
any witness examined before you, nor (will you disclose) anything
which you or any other grand juror may have said, nor the
manner in which you or any other grand juror may have voted,"
etc.

Thus read the *subsequent* section, 926, may be given its effect,
the last clause specifying the matters with respect to which a
grand juror *may be required* to make disclosure " in the due
course of judicial proceedings."

The inquiry must be confined to such matters; that is to say,
the grand juror can only be required to state what was the testi-
mony of a witness examined before the grand jury

It has been argued with much ingenuity that the provision
of the law which authorizes a motion to set aside an indictment
where it has not been "found" as prescribed by the Code, is
of no benefit to a defendant unless he is permitted to prove that
it was not duly found by the testimony of the grand jurors
themselves, who are alone present when an indictment is voted
upon. (Pen. Code, § 995.) It is contended that the right to
move on the ground that the indictment was not properly
found, necessarily includes the right to prove the fact by the
testimony of those only who can know the fact. But there are
many legal rights which cannot be established by certain wit-
nesses. Thus it is well settled that a petit juror cannot impeach
his verdict, although a defendant may move for new trial on the
ground of unfairness in its rendition. (*People* v. *Wyman*, 15
Cal. 70.) We can imagine cases in which it might be possible
to prove that less than twelve voted for an indictment without
resorting to the testimony of the grand jurors themselves. The
mere inconvenience or difficulty of proving the fact ought not
to overrule the many grave objections to a procedure not only
not directly authorized, but expressly forbidden by the Code,
which may interfere with the complete freedom of exposure of
alleged offenses which it is the design of the institution of grand
juries to secure, and conflict with other principles of public
policy which are subserved by keeping inviolate the secrets of
the grand jury room—except when their disclosure is absolutely
necessary. No serious injury can arise from prohibiting the

question asked the petitioner. The cases must be rare indeed in which a foreman will dare attempt to practice fraud upon his fellow jurors by indorsing and presenting a bill not in fact found, and if such a fraud is practiced, the law will provide a proper punishment by direct proceedings against the party guilty of the fraud.

Finally, as said by Ryland, J. (in *State* v. *Baker*, 20 Mo. 338), an innocent person will not be injured by limiting the inquiry, for he can always vindicate himself in a trial on the merits.

Let the petitioner be discharged from custody.

MORRISON, C. J., SHARPSTEIN, J., ROSS, J., THORNTON, J., MYRICK, J., and McKEE, J., concurred.