## 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### HARRIS v. COMMONWEALTH.

November 30, 1909.

Absent, Buchanan, J.

1. WITNESSES—*Competency—Grand Juror.*—A grand juror may be called and examined on behalf of the accused to prove that the testimony of a witness called and examined on behalf of the Commonwealth on the trial of a case is in direct conflict, upon a material point, with the testimony given by that witness before the grand jury.

Error to a judgment of the Circuit Court of Fauquier county.

*Reversed.*

Error confessed.

*Richard E. Byrd* and *Marshall McCormick,* for the plaintiff in error.

*Wm. A. Anderson, Attorney General,* for the Commonwealth.

No opinion was delivered, but the following order was entered by the court:

This day came as well the plaintiff in error, by counsel, as the Attorney General on behalf of the Commonwealth; whereupon the said Attorney General, being of opinion that this court would be compelled to reverse the judgment of the Circuit Court of Fauquier county, rendered on the 2d day of October, 1909, upon the ground that the said circuit court erred in refusing to allow W. B. G. Shumate, foreman of the grand jury which

found the indictment upon which the accused was tried, to be called as a witness on behalf of the accused to testify to statements made by Irvin Maxheimer when called as a witness before the grand jury, which were in direct conflict upon a material point with the testimony of said Maxheimer when he was called and examined as a witness for the Commonwealth on the trial of the case, on the ground that the proceedings of the grand jury were privileged, and that a member of the grand jury should not be allowed to testify as to any statements made before the grand jury by any witness called to testify before it, and the Attorney General and his assistant also being of the opinion that the rule indicated by Judge Moncure in *Little's Case,* 25 Gratt. 921, and approved in Massachusetts and other States, is the correct rule, deemed it their duty to confess error in this case upon that ground alone.

Therefore it is considered by the court that the said judgment be reversed and annulled, the verdict of the jury set aside, and a new trial awarded the plaintiff in error.

Which is ordered to be forthwith certified to the said Circuit Court of Fauquier county.

*Reversed.*