# CHARLESTON.

STATE v. LORING RICE.

Submitted February 12, 1919.  Decided February 18, 1919.

1. GRAND JURY—*Investigation—Secrecy.*

Generally grand jurors cannot be required or permitted to divulge what occured during an investigation of matters properly committed to them.' (p. 410).

2. WITNESSES—*Competency—Grand Jurors.*

But where an oath of secrecy is not required of or administered to grand jurors, a member of the grand jury which returned the indictment against accused is competent as a witness in his behalf to show that statements made by a prosecuting witness at the trial of accused regarding his guilt or some fact material to his defense are inconsistent with or contradictory to statements made by the same witness at the preliminary examination. (p. 410).

3. SAME—*Cross-Examination—Impeachment.*

Where, on the trial of one indicted for incest with his daughter, the latter, as prosecutrix, is permitted to give in evidence to the jury the fact of the birth of her child and to impute its paternity to her father, she is subject to cross-examination thereon,' and it is error to deny defendant the right to such examination, and, the foundation being laid therefor, she is liable also to be impeached by showing that she has made contradictory statements in relation thereto on other occasions. ' (p. 412).

4. CRIMINAL LAW—*Trial—Conduct of Counsel—Action of Court.*

Counsel ordinarily are allowed great latitude in discussing the facts of the case, and if for any cause they transgress this rule, as sometimes they may inadvertently do, adversary counsel should invoke and the court enforce adherence to proper proprieties in the discussion.  (p. 413).

5. INCEST—*Rape—Relative of Prohibited Degree.*

A relative of the prohibited degree may be guilty of both rape and incest.  (p. 414).

6.  SAME—*Corroboration—Question for Jury.*

> Generally age and lack of corroboration of the prosecutrix will not excuse a defendant charged with criminal assault upon her, the weight and credibility of the testimony being questions exclusively for the jury.   (p. 414).

7.  CRIMINAL LAW—*Trial—Instruction—Refusal.*

> Ordinarily a defendant properly may demand an instruction couched in his own language, if aptly drawn, intelligible and pertinent, though the state may have asked and the court given a similar one upon the same subject; but if the two instructions in form and effect embody the same legal principle and amount to the same thing, and the one given is aptly drawn, intelligible and pertinent, it is not reversible error to refuse to give the one last proffered.   (p. 414).

Error to Circuit Court, Monongalia County.

Loring Rice was convicted of incest, and he brings error.

*Reversed, verdict set aside, remanded.*

*Lazzelle & Stewart* and *Glasscock & Glasscock,* for plaintiff in error.

*E. T. England,* Attorney General, and *Henry A. Nolte,* Assistant Attorney General, for the State.

LYNCH, JUDGE:

Complaining of a judgment of conviction and sentence for confinement in the penitentiary for ten years for incest, Loring Rice assigns as erroneous rulings upon the admissibility of evidence offered in his behalf and rejected, the giving of instructions for the state, the refusal of instructions propounded by him, and the denial of his motion for a retrial predicated upon these grounds.

The only witness who testified to the criminal assault was defendant's daughter, Pearl, who at the time of the commission of the several acts of sexual intercourse was twelve to fourteen years old. Her testimony in chief was direct, positive and unequivocal. Defendant offered but was not permitted to prove by W. C. Kelley, a member of the grand jury that returned the indictment, that upon her examination as a witness before that body she testified that W. W. Irvin, her mother's brother, who also was indicted on her

testimony for the same offense at the same term, had had intercourse with her within the time covered by the indictment against her father. The purpose of the testimony was to furnish a basis either to impeach or discredit her testimony given to support the prosecution against her father. How the attempt to impeach or discredit could be effected by proof of statements by the same witness as to the guilt of the father and uncle is not apparent, and becomes apparent only when aided by the declaration of defendant's counsel that he expected to show by Kelley and other witnesses that the prosecutrix charged to the uncle the paternity of the child born to her as the result of the intercourse with him.

For some purposes, it is true, as remarked by the judge of the trial court, grand jurors cannot be required or permitted to divulge what occurred during an investigation of matters properly committed to them under the usual charge, especially where as in some jurisdictions they are sworn to secrecy. The action of no member of such inquisitorial body can lawfully become the subject of inquiry, nor can he be interrogated with respect thereto. *State* v. *B. & O. R. R. Co.*, 15 W. Va. 362. Nor can the sufficiency of the proof be inquired into to invalidate an indictment found by a lawfully constituted grand jury. *Wadley* v. *Com.*, 98 Va. 803.

There is in this state and in Virginia no statutory provision, general rule of law, procedure or custom requiring an oath of secrecy to be administered to members of a grand jury. Section 5, ch. 157, Code, prescribes the only form of oath required in impaneling such a jury. The question of the competence of a grand juror, when interrogated as was the witness Kelley in this case with reference to the testimony of the prosecutrix, was raised for the first time in Virginia in the case of *Little* v. *Com.*, 25 Gratt. 921, and, though not made a point of the head notes or of the decision, because not necessary therefor, the opinion clearly discloses the view of the court to be to sustain such proof as competent. For it is there said that the trial court erred in refusing to permit Dearmont, who with others returned the indictment, to state the testimony of a witness examined by them touching the matter under investigation. The same

court, however, in *Harris* v. *Com.*, 110 Va. 905, foreclosed further doubt upon the competency of the source of such proof where the grand juror is · called and examined on behalf of the accused to show inconsistent or contradictory statements by a witness before the grand jury regarding the guilt of the accused or some fact material to his defense. The attorney general, it appears, confessed the error, and upon such confession the court was content to enter an order of reversal without a written opinion. The admission of this character of proof does not, we think, contravene public policy or improperly divulge the secrets of the inquisitorial body, but substantially promotes the ends of justice, and may prevent injustice. See 4 Horwitz' Edition Jones' Com. on Evidence, §765; 4 and 5 Wigmore on Evidence, § 2363.

Other assignments relied on for reversal likewise relate to proof offered by way of contradicting the prosecutrix as to sexual intercourse between herself, her uncle and defendant, and to interrogations propounded to her on cross-examination touching the subject, which the court refused. Besides Kelley, the witnesses introduced by defendant to lay the ground for impeachment were Posten, the justice before whom she appeared March 17, 1917, and by a complaint, duly verified by her own affidavit, a copy of which with the verification is copied into the record, charged her uncle, William W. Irwin, with having had sexual intercourse with her in 1916, and others to whom she is alleged to have disclosed the assault upon her. This evidence the court should have permitted defendant to submit to the consideration of the jury for the purpose disclosed by his counsel, not because it necessarily would establish the innocence of the accused, an effect not claimed or pretended, but as affecting her credibility, a fact as to which the jurors were the sole judges.

There could not well be a more obvious similarity between the facts and issues and the impropriety of the rulings made in this case and those involved in *State* v. *Koch*, 75 W. Va. 648. The defendants were charged with the same offense. The accusations were made by daughters, to each of whom a child was born, and its paternity was

imputed to their fathers in each case, and the same attempt was made, but not permitted, to lay the ground to impeach their uncorroborated testimony for a like reason. As aptly to the one case as to the other do points 1 and 2 of the syllabus of the case cited apply, and without further discussion of this phase of the inquiry, except in one respect, we quote these points: (1) ''Where on the trial of one indicated for incest with his daughter, the state relies on and attempts to prove by her the birth and parentage of her child, and to impute the same to defendant, as inculpating facts or facts tending to show guilt, the evidence is material and relevant, and is properly admitted to the jury.

(2) ''Where on such trial the daughter, as prosecutrix, is permitted to give in evidence to the jury the fact of the birth of her child and to impute its parentage to her father, she is subject to cross-examination thereon, and it is error to deny defendant the right to such cross-examination, and, the foundation being laid therefor, she is liable also to be impeached by showing that she has made contradictory statements in relation thereto on other occasions.''

The attorney general has undertaken to defend the action of the court on the ground of an alleged defect in the form of the interrogatories. As to some but not all of them this criticism may properly apply. Excluding the latter, however, there remains enough to warrant reversal for the errors pointed out, certainly as to the foundation for the questions propounded to Posten.

Counsel for defendant complains of the state's instructions Nos. 2, 9 and 13, and the refusal of his instruction No. 11. It is difficult to perceive or infer the purpose of No. 2. The jury, of course, is limited to the evidence in the case and cannot go beyond it in ascertaining the guilt or innocence of the defendant, as that instruction and the oath administered told them. But the reason or purpose for telling them not to ''consider the statements of counsel as to alleged facts or as to supposed facts as evidence'' seems obscure. No basis therefor is disclosed, unless it rests upon the statements of counsel as to what he proposed to prove by the witnesses whose testimony was not allowed to go to the

jury. If so, the instruction should have been clear and positive to that effect, because counsel ordinarily are allowed great latitude in discussing the facts of the case (*State* v. *Clifford,* 58 W. Va. 681, 686; *Sims* v. *Carpenter,* 68 W. Va. 223) ; and if for any cause they transgress this rule, as sometimes they may inadvertently do, adversary counsel should invoke and the court enforce adherence to proper proprieties in the discussion. *Wickham* v. *Turpin,* 112 Va. 236; *State* v. *Cooper,* 74 W. Va. 472.

The objection urged in argument to instructions Nos. 9 and 13 are that as the evidence showed sexual coition before the proxecutrix attained the age of fourteen, the defendant was guilty of rape, not incest; and that as her testimony was unreasonable and uncorroborated, he could not properly be convicted. Clearly neither ground is tenable. A relative of the prohibited degre may be guilty of both rape and incest. Nor will age and lack of corroboration excuse a defendant charged with criminal assault upon a female, according to most authority, the weight and credibility of the testimony being a question exclusively for the jury (11 Enc. Dig. Va. & W. Va. Rep. 629), except in rare cases, as in *Harvey* v. *Com.,* 103 Va. 850, where the defendant charged with rape was seventy years of age, and the assault was not discovered until after the birth of the child, and the evidence bore the impress of falsehood.

Other instructions, both those given and refused, we have examined so far as deemed necessary to avoid error upon the retrial we are compelled to award, and see no reasonable objection thereto, unless it be defendant's No. 11, which was not given apparently because of its similarity to an instruction given at the request of the state on the same subject, namely, the weight the jury should give to the testimony of the defendant himself. Ordinarily a defendant properly may demand an instruction couched in his own language, if aptly drawn, intelligible and pertinent, though the state may have asked and the court granted a similar one upon the same subject. However, as appears to be the case, the form and effect of the two instructions substantially em-

body the same legal principle and amount to the same thing, are intelligible and pertinent, and hence not prejudicial warranting reversal.

*Judgment reversed, verdict set aside, remanded.*