# CHARLESTON.

STATE *ex rel.* MONONGAHELA VALLEY TRACTION CO. v. WILLIAM
BEARD, SPECIAL JUDGE.

Submitted May 14, 1919.   Decided May 20, 1919.

1. JUDGES—*Removal of Special Judges—Grounds.*
    The only grounds justifying the removal of a special judge, duly elected and sworn to try a particular case, are those which would disqualify a regular judge to preside in the cause. (p. 313).

2. SAME—*Removal—Power of Court.*
    Where the people by the Constitution, and the Legislature by statute, have comprehensively dealt with the subject and prescribed the grounds for removal and of disqualification of judicial officers, the courts are not justified in adding other grounds not comprehended therein or recognized by the common law. (p. 313).

3. SAME—*Bias of Favor—Disqualification.*
    At the common law, as now administered in England and in the United States, bias or favor, not the result of interest or relationship, is not supposed to exist, and in the absence of legisla-

tive prohibition, when the judge in a particular case is not called upon to pass on the facts, he is not thereby disqualified to preside at a trial, but he may properly, of his own will, retire from a case under such circumstances.   (p. 313).

4.   SAME—*Special Judge—Disqualification—Removal.*

Resentment or ill feeling of a special judge toward some representative of the defendant in the cause he has been elected to try, engendered by the conduct of such representative in connection with another case pending in the same court against the same defendant, in which such special judge is counsel for the plaintiff, but which is in no way connected with the case he is to try, will not disqualify such special judge or call for his removal by mandamus.   (p. 316).

Original mandamus pursuant to statute, by the State, on the relation of the Monongahela Valley Traction Company, to remove William Beard, Special Judge, elected to preside at the trial of a case against relator.

*Writ denied.*

*Kreps, Russell & Hiteshew* and *Osman E. Swartz,* for relator.

*Thos. B. Coleman,* for respondent.

MILLER PRESIDENT:

This is a proceeding by mandamus, pursuant to section 11 of chapter 112 of the Code, to remove respondent as special judge, elected to preside at the trial of the case of Nannie J. Curry and George E. Curry against the Monongahela Valley Traction Company, pending in the circuit court of Wood County, and who took the oath of office prescribed and entered upon the discharge of his duties.

The grounds averred in the petition and alternative writ for the removal of respondent are not those which the statute declares shall render him ineligible, but other grounds which the relator conceives constitutes good cause for his removal. The statute prescribes that, "The judge so elected or agreed upon shall, before proceeding to act, take an oath that he will faithfully and impartially perform the duties of a judge of such court so long as he shall continue to act as such; and

if he be agreed upon to try or hear and determine a particular case, as hereinbefore provided for, he shall take the further oath that he is not interested as counsel or attorney or otherwise in the cause to be tried or heard and determined by him." And the grounds of ineligibility specifically prescribed by said statute are: "No special judge shall be eligible to serve in any case in which he has been or may be selected to act if at the time of such election, or afterwards, the relation of client and attorney shall exist between him and any party to the cause wherein he has been or may be selected, whether such relationship shall be in a cause pending in the same or any other court of this State." And the last clause of this section, on which relator relies, is: "For good cause shown any special judge may be removed by mandamus." Thus it appears that the only ground of ineligibililty prescribed by this statute is that of the existing or subsequent relationship of attorney and client between him and any party to the cause, or in a cause pending in the same or any other court.

But certainly grounds other than those specified in this statute might exist or occur calling for the removal of a special judge, and warranting a writ of mandamus for that purpose. The only other grounds averred are: First, that respondent is attorney for the plaintiff in the suit of W. A. Lowther against relator, pending in the same court and set for trial on May 6, 1919, and, that the case in which he was so elected to preside as special judge was called for trial at the same term and before the same jury then in attendance upon the court, and trial thereof was being insisted upon by him, and wherefore, it is argued, if a juror, by reason of his interest in the suit in which he is counsel, he would be disqualified. Second, that when the case of Lowther against relator was called and motion was made by relator for a continuance on the ground of the absence and illness of relator's counsel in charge of the case, respondent, evidencing his bias and prejudice against relator, and his disqualification to preside at the trial of the case in which he was elected special judge, arose to oppose the motion, and addressed the

court substantially as follows: "I did not oppose a con-. tinuance of this case on the ground of Mr. Hiteshew's illness at the last term of court, nor would I oppose a continuance for that reason now, but, I feel that I have been unfairly treated by the claim agent or representative of the defendant company. He has gone to my client and told him that the company would delay matters and litigate him through this court, and if he succeeded in getting a judgment here, would take the matter to the Supreme Court and wear him out in litigation for the purpose of compelling him to accept in a compromise a sum, the offering of which, would be an insult to any sensible person." That upon the conclusion of said statement, counsel for relator responded that the same was unwarranted by the facts and that if the same was to be considered on the motion for a continuance, that Mr. Chapman, the claim agent, who was present, should be given an opportunity to reply and state the facts as they really were. And moreover that said statement by said Baird was made in the presence and hearing of the members of the jury, and that he exhibited great hostility toward the representative of petitioner, and that although said cause was continued as was the case in which said Beard was so elected as special judge, both cases were like-ly to be called and set for trial at a subsequent term before jurors then attending the court, when the same conditions would be present and relator's interests thereby prejudiced if respondent was permitted to preside as such special judge. Third, that upon request that he resign as special judge because of his ill feeling toward relator's representative, respondent declined, and that upon request of counsel for the plaintiff in said case that he join with counsel for relator in asking for such resignation, he declined to do so.

The question is thus presented: Do these grounds or any of them call for the removal of respondent from the office of special judge? The sufficiency thereof is challenged by respondent's demurrer to, and motion to quash, the alternative writ, and also by his return thereto. Counsel for relator conceive that under the statute and upon the facts alleged,

not materially controverted by the answer except as to the fact of prejudice against relator, the removal of respondent is largely a matter of discretion for this court. As we view the case the only grounds upon which we could justify the removal of a special judge are those which would disqualify a regular judge. The only disqualifications of a regular judge prescribed by section 9 of said chapter 112 are, that he be a party to a suit, or interested in the result thereof; or be related to either of the parties, as grandfather, father, father-in-law, son, son-in-law, brother, brother-in-law, nephew, uncle, first cousin, guardian or ward, or if at the time of the institution of the suit or at any time before the final determination thereof, he, his wife, or any party or parties related to him in the degree as therein described, be a stockholder or officer in any stock company or corporation which is a necessary party to the proceedings, or if he be a material witness for either party. And section 17 of Article VIII of the Constitution provides that, ''Judges may be removed from office by a concurrent vote of both houses of the Legislature, when from age, disease, mental or bodily infirmity or intemperance, they are incapable of discharging the duties of their office.'' These are the only statutory grounds of disqualification or for removal of a judicial officer, and it is apparent that they do not in terms or by implication comprehend any of those averred in the petition and alternative writ. These statutory grounds would seem to comprehend all the common-law disqualifications. 17 Am. & Eng. Enc. of Law, 733. And the people in the Constitution, and the Legislature in the statutes referred to, having thus dealt with this subject comprehensively, it is not for the courts to add other grounds of disqualification.

The only basis for removal of respondent to be extracted from the averments of the writ is possible prejudice against the relator because of the relationship of attorney and client in another suit in no way connected with the suit in which he was elected special judge, or induced by altercations in court between him and counsel or a representative of the relator. But do these facts sufficiently evidence prejudice disqualify-

ing a judge? The authority just cited at page 738, says: "In the absence of express statutory provision, prejudice or bias on the part of the judge which is not based on interest is not assignable as a ground for his disqualification, though it has been held that a judge might properly, of his own will, retire from a case under such circumstances. At the present time, however, bias or prejudice on the part of a judge is expressly recognized in the statutes of many of the states, and it is usually provided that a judge shall not act in a case when it appears from affidavits properly made and substantiated that either party cannot have a fair trial before him by reason of the bias and prejudice of such judge." And in the following paragraph the same book says: "In accordance with the general rule that statutory provisions as to the grounds of disqualification are exclusive, it has been held that the mere exhibition by a judge of partisan feeling or other unnecessary expression by him of an opinion upon the justice or merits of controversy, though indecorous or reprehensible, should not, unless so provided by statute, be held sufficient to authorize a change of venue on the ground that the judge is disqualilfied to hear the cause." In 15 R. C. L. 530, §18, it is said: "At the common law, as now administered in England and in the United States, bias or favor, not the result of interest or relationship, is not supposed to exist. The common law in this respect, however, has been modified in this country, both by statute and the rulings of the courts, and where a person performing the functions of a judge *must decide questions of fact,* his prejudice against either of the parties sufficient to disqualify him as juror equally disqualifies him as a judge." But says this authority: "In the absence of prohibitory legislation the question of interest or bias of a judge is regarded as a private matter and of concern only to the parties to the action. * * * The basis of the disqualification is that personal bias or prejudice renders the judge unable to exercise his functions impartially in the particular case, and therefore it must be shown that he is biased against, or entertains ill will or hostility toward, the defendant of such a character as might prevent him from

giving the defendant a fair trial, and this must be shown as a matter of fact, and not as a matter of opinion of the defendant or any other person.'' In *State ex rel. Barnard* v. *Board of Education,* (Wash,), 40 L. R. A. 317, the broad doctrine above stated in Am. & Eng. Enc. of Law, is challenged and said not to be supported by the authorities cited. That was a case involving the qualification of a member of a board of education to try the charges of misconduct of a school superintendent, when it was shown that he would be called upon to try the facts, and that he had personal enmity toward the defendant and had declared his purpose to vote for conviction, and from whose judgment there was no appeal. The ruling in that case had no particular relevancy to a case like this, where the judge does not pass upon the facts, and his erroneous rulings on the law are reviewable by an appellate court. We think no case will be found contrary to the rule of common law, unless controlled by statute, or involving the right of a judge to sit in judgment on the facts.

The record here discloses nothing more than prejudice or ill will toward an agent of the relator; it is not shown to extend to the relator or its attorneys in the case. If the respondent is conscious of such bias or prejudice against the relator's agent as to disqualify him to preside and do justice to the defendant in the action, he ought to, and no doubt will, decline to preside at the trial. But if good grounds, we do not think a case of bias or prejudice is made out against respondent, and the peremptory writ must be denied.

*Writ denied.*