STATE *ex rel.* EDMUND J. MATKO

*v.*

THE HONORABLE ROBERT B. ZIEGLER, *Judge of the Criminal Court of Harrison County,* AND WILLIAM G. JOHNSON

(No. 13052)

Submitted February 16, 1971.     Decided March 16, 1971.

*Stanley E. Preiser, Chester Lovett, Leo Catsonis,* for relator.

*Robert B. Ziegler,* Judge of the Criminal Court of Harrison County, *William G. Johnson,* Special Prosecuting Attorney, Harrison County, for respondents.

HAYMOND, JUDGE:

This is an original prohibition proceeding instituted in this Court in January, 1971. The petitioner, Edmund J. Matko, the duly elected prosecutng attorney of Harrison County, seeks a writ to prohibit the defendants, the Honorable Robert B. Ziegler, Judge of the Criminal Court of Harrison County, West Virginia, and William G. Johnson, presently acting as special prosecuting attorney in the case of State of West Virginia v. Matko, pending in that court, from further proceeding in that case against the petitioner upon an alleged void indictment for a felony returned by the grand jury of Harrison County on November 23, 1970 and to suspend all proceedings in that case until the final decision in this proceeding.

Upon the petition and its exhibits, this Court issued a rule returnable February 16, 1971, at which time this proceeding was submitted for decision upon the petition and its exhibits, the demurrer and the answer of the defendant William G. Johnson and its exhibits, the answer of the defendant Robert B. Ziegler, Judge of the Criminal Court of Harrison County, the motion of the defendant Johnson that this Court disqualify the Honorable Chauncey Browning, Judge of this Court, from considering the matters arising in this proceeding, and upon the typewritten briefs and the oral arguments of the attorneys in behalf of the petitioner and of the defendant Johnson who appeared in his own behalf.

A preliminary question is presented by the motion of the defendant Johnson that this Court disqualify Judge Browning

from participating in the consideration or the decision of this case on the ground that his son, the Honorable Chauncey Browning, Jr., attorney general of this State, is interested in the decision of this proceeding because of his action in ordering the prosecuting attorney of Kanawha County to act as the prosecuting attorney of Harrison County during the period of the disqualification of the petitioner to perform the duties of that office. A majority of this Court, Judge Browning not participating, denies that motion for the reason that the question whether Judge Browning should participate in the consideration or the decision of this proceeding should be decided by him and not by this Court. This action is taken to enable Judge Browning to determine whether he will or will not participate in the decision of the other questions involved in this proceeding.

When the regular November 1970 term of the Criminal Court of Harrison County convened on November 10, 1970, a vacancy existed in the office of judge of that court, due to the prior resignation of its regular judge, the Honorable Arlos J. Harbert, and because the newly elected regular judge did not occupy that office until January 1971. On November 10 the Honorable Sam J. Kyle, Jr. was elected as special judge of that court. Nine of the sixteen grand jurors who on October 16, 1970 had been notified to attend did not appear, and after the organization of the grand jury by the selection of the necessary number of qualified persons to constitute the requisite number of sixteen grand jurors, the special judge charged the grand jury and sent it to its room for its deliberations.

On November 12, 1970, after the grand jury had returned several indictments, the foreman of the grand jury informed the special judge that some members of the grand jury desired to investigate other matters, and one grand juror, in the presence of the petitioner, stated that the matters in question related to bribery concerning the petitioner. The court adjourned the grand jury until the afternoon session and at that time instructed it to go to its room to discuss the matters and to ascertain how many jurors desired to investigate the matters. After the grand jury reported that eight of its members wanted to investigate and eight did not want to investigate

the charges against the petitioner, the court advised the jury that it could investigate the matters and in the presence of the grand jury informed the petitioner that he would appoint a special prosecuting attorney to conduct the investigation as the court was of the opinion that the petitioner and his assistants were disqualified from acting in the matters. The court then excused the grand jury until November 18.

On November 16, 1970, it appearing to the special judge of the Criminal Court of Harrison County that the prosecuting attorney and his assistants would be unable to act and that it would be improper for him or them to act in matters to come before the grand jury as then convened, by order of that date the court appointed the defendant William G. Johnson as special prosecuting attorney "to act in the prosecution of certain evidence before said grand jury and if indictments are returned to prosecute thereon." On the following day, November 17, 1970, the defendant William G. Johnson, took the oath prescribed by law as special prosecuting attorney.

The grand jury reconvened on November 18, 1970, and on November 23 returned the foregoing indictment against the petitioner. Before the adjournment of the grand jury, the petitioner on November 23, 1970, filed his petition in which he prayed that the grand jury be discharged and dismissed; that the court investigate and interrogate the members of the grand jury as to any corruption or violations of law that occurred in the work of the grand jury pertaining to the petitioner; that a new or special grand jury be impanelled to investigate the matters; that the special prosecuting attorney be discharged and the order appointing him rescinded; that he be enjoined from signing or permitting the return of any indictment, and that the grand jury be enjoined from returning any future indictments; that, if the grand jury were not discharged, it should subpoena any witnesses it may desire to hear before making any report; and that the petitioner be permitted to appear before the grand jury and give such testimony as he might desire. Before the grand jury was discharged the grand jurors informed the court that they were unwilling to hear any testimony by the petitioner, and by order of that

date the court refused to grant the prayer of the petitioner but on his motion admitted him to bail in the penalty of $1,000.

Also on November 23, 1970, the court denied a motion of Patrick Casey, prosecuting attorney of Kanawha County, that he be designated to discharge the duties of the petitioner as special prosecuting attorney of Harrison County in the matters in which the petitioner might be disqualified from acting, as required and ordered by the attorney general of this State by written instrument filed in the Criminal Court of Harrison County.

In support of his petition for a writ of prohibition the petitioner assigns these principal grounds:

1. The indictment of the petitioner for a felony returned by the grand jury on November 23, 1970 is a void indictment because only eleven of the sixteen members of the grand jury voted for or concurred in the finding of the indictment as indicated by the affidavits of five members of the grand jury that they did not vote for or concur in such finding.

2. The action of the special judge of the criminal court in disqualifying the petitioner from acting in connection with the indictment and prosecution of the petitioner was unauthorized and invalid because taken without notice to the petitioner and an opportunity for him to be heard and constituted an ineffective attempt to remove the petitioner from office which could be done under Section 7, Article 6, Chapter 6, Code, 1931, but not under Section 6, Article 7, Chapter 7, Code, 1931, as amended.

3. The special judge of the criminal court of Harrison County was without authority to appoint the defendant Johnson special prosecuting attorney in the place of the petitioner to act in his stead with respect to the indictment against the petitioner and the prosecution of the petitioner for the crime charged in the indictment.

Article III, Section 4 of the Constitution of West Virginia provides that no person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on

presentment or indictment of a grand jury, and Section 8, Article 2, Chapter 52, Code, 1931, provides that at least twelve of the grand jurors must concur in finding or making an indictment or presentment. From the foregoing, if less than twelve grand jurors concurred in voting for or finding the indictment against the petitioner, the indictment is void and can not form the basis of a prosecution of the petitioner for the offense which it charges against him.

The only proof apparently available to the petitioner to establish his contention that only eleven members of the grand jury voted to indict him consists of the verified statements of five members of the grand jury in affidavits filed as an exhibit with the petition and their testimony to that effect at any hearing of the matter; and the petitioner contends that evidence of the members of the grand jury is admissible to impeach the finding of the indictment by showing that less than the required number of grand jurors voted to return or concurred in the finding of the indictment.

Though there is a conflict in the decisions in the various jurisdictions as to the extent to which a grand juror is competent to testify concerning proceedings before the grand jury, the general rule supported by the weight of authority is that the testimony of a member of a grand jury is not competent to impeach an indictment which the jury has found. 41 AM. JUR. 2d, *Indictments and Informations*, Section 255; 97 C.J.S., *Witnesses*, Section 107. In Section 258, 41 AM. JUR. 2d, *Indictments and Informations*, are these statements: "Under the general rule against impeachment of indictments by grand jurors, a grand juror will not be permitted to state how he or any member of the grand jury voted, what opinion he or his fellows expressed, or what the individual action of any juror was in regard to the subject matter before them;" and "Many courts adhere to the rule that after an indictment has become a part of the records of the court, members of the grand jury will not be permitted to testify as to whether the requisite number of grand jurors concurred in finding the same." In 97 C.J.S., *Witnesses*, Section 107, is this language: "Grand jurors cannot be sworn to impeach their own findings; and any rule which would open up a way by which grand jurors may be

permitted to impeach their own record would be against public policy. So, the rule is laid down by some authorities that grand jurors cannot be sworn and examined as witnesses to impeach the validity or correctness of their finding after an indictment has been regularly found and returned. In accordance with this rule, it has been held that a grand juror is incompetent to testify as to * * * the number of persons concurring in the finding of a bill of indictment; * * *." Some of the cases which support the general rule are *Spigener v. State*, 62 Ala. 383; *People v. Casanova*, 54 C.A. 439, 202 P. 45; *Ex parte Sontag*, 64 Cal. 525, 2 P. 402; *State v. Fasset*, 16 Conn. 457; *State v. Comer*, 157 Ind. 611, 62 N.E. 452; *O'Neill v. Keeling*, 227 Iowa 754, 288 N.W. 887, 127 A.L.R. 1050; *State v. Mewherter*, 46 Iowa 88; *State v. Kifer*, 186 La. 674, 173 So. 169, 110 A.L.R. 1017; *Hooker v. State*, 98 Md. 145, 56 A. 390, 1 Ann. Cas. 644; *Commonwealth v. Smart*, 368 Pa. 630, 84 A.2d 782; *State v. Sanders*, 251 S.C. 431, 163 S.E.2d 220; *Richardson v. Commonwealth*, 76 Va. 1007; *State v. Oxford*, 30 Tex. 428.

In the leading case of *O'Neill v. Keeling*, 227 Iowa 754, 288 N.W. 887, 127 A.L.R. 1050, the opinion contains this language: "In this state, we have applied to grand jurors the rule applicable to petit jurors that a juror may not impeach his verdict. *State v. Gibbs*, 39 Iowa 318; *State v. Davis*, 41 Iowa 311. The minutes of the testimony, taken before the grand jury and filed with the indictment, constitute the record basis for the finding of the indictment and this record may not be added to by calling on the grand jurors in the trial of the case to give additional testimony, such as was called for by the question propounded to these grand jurors above set out, when the same tends to impeach the indictment." ·

Other courts, however, hold that grand jurors may be called as witnesses to testify whether the requisite number of their body concurred in the finding of the indictment. Some decisions to that effect are *Low's Case*, 4 Me. 439, 16 Am. Dec. 271, *Commonwealth v. Smith*, 9 Mass. 104; *State v. Ernster*, 147 Minn. 81, 179 N.W. 640, *question posed but not determined; Territory v. Hart*, 7 Mont. 42, 14 P. 768; *People v. Shattuck*, 6 Abb N.C. (N.Y.) 33; *Eubanks v. State*, 5 Okla.

Crim. Rep. 325, 114 P. 748. In *Low's Case*, decided in 1827, 4 Me. 439, 16 Am. Dec. 271, a leading case in support of the minority rule, the court held that grand jurors may be examined as witnesses in court to the question whether twelve of the panel actually concurred, or not, in the finding of a bill of indictment. The opinion of one of the two judges contains these statements: "The concurrance of twelve grand jurors is necessary to find a bill. The party accused cannot be legally held to answer, upon the finding of a less number. And this privilege is secured to the citizen, in crimes capital or infamous, by the provisions of the constitution, * * *. The oath of the grand juror requires him to keep secret the State's counsel, his fellows', and his own. * * *. But the fact whether twelve or more concurred or not in the bill, is not a secret. It is a result which they are required, through their organ, the foreman, to make known; and it is of the deepest importance to the public and to the accused, that it should be truly disclosed." But the opinion of the other of the two judges in that case states "How any juror voted is a secret no juror is permitted to disclose."

The oath required by the foreman of a grand jury, as prescribed by Section 5, Article 2, Chapter 52, Code, 1931, is in this form: "You shall diligently inquire and true presentment make of all such matters as may be given you in charge or come to your knowledge touching the present service. You shall present no person through malice, hatred or ill will, nor leave any unpresented through fear, favor, partiality or affection, but in all your presentments you shall present the truth, the whole truth and nothing but the truth. So help you God.", and the statute provides that the other grand jurors shall afterward be sworn as follows: "The same oath that your foreman has taken on his part, you and each of you shall observe and keep on your part. So help you God." Though the statute expresses no requirement of secrecy, it has long been the policy of the law in the furtherance of justice that the investigations and deliberations of a grand jury should be conducted in secret, and that all its proceedings should be legally sealed against divulgence. In 4 WHARTON'S CRIMINAL LAW AND PROCEDURE, by Anderson, Section 1719, with regard to the

secrecy of proceedings before the grand jury, the text is that "The policy is to inspire the jurors with a confidence of security in the discharge of their responsible duties, so that they may deliberate and decide without apprehension of any detriment from an accused or any other person; to secure the utmost freedom of disclosure of alleged crimes and offenses by prosecutors; to conceal the fact that an indictment is found against a party, in order to avoid the danger that he may escape and elude arrest upon it before the presentment is made; to prevent perjury and subornation of perjury by withholding the knowledge of facts testified to before the grand jury, which, if known, would be for the interest of the accused or his confederates to attempt to disprove by procuring false testimony; and also to save the citizen the trouble, expense, and disgrace of being arraigned and tried in public on a criminal charge, unless there is sufficient cause for it. The protection of the grand jury would amount to nothing if the citizen were first exposed to scandal and disgrace by a public examination of the witnesses on the part of the state in order to see whether he ought to be tried in public on a criminal charge, without any right on his part to examine the state's witnesses, to offer to contradict them, to prove their bad character, or to be represented by counsel."

In 9 M.J., *Grand Jury*, Section 21, are these provisions: "Upon grounds of public policy it is held that the proceedings before grand jurors are privileged communications, and that the preliminary inquiry as to the guilt of a party accused should be secretly conducted." and "A grand juror cannot for any purpose be interrogated as to his action as a grand juror; nor is it an error for the court to refuse to permit a witness to be interrogated as to his action as a grand juror with a view of showing his prejudice. Nor can he be required or permitted to divulge what occurred during an investigation of matters properly committed to the grand jury." The citations in support of the above quoted provisions are *State v. The Baltimore & Ohio Railroad Company*, 15 W.Va. 362, 36 Am. Rep. 803 and *State v. Rice*, 83 W.Va. 409, 98 S.E. 432. It is obvious from pronouncements in some of the prior decisions of this Court that in this jurisdiction grand jurors may

not impeach the indictment found by them as reported by the foreman. In the early case of *State v. The Baltimore & Ohio Railroad Company*, 15 W.Va. 362, 36 Am. Rep. 803, the opinion by Judge Green contains this positive and unqualified statement: "A grand juror can not for any purpose be interrogated as to his action as a grand juror." In *State v. Rice*, 83 W.Va. 409, 98 S.E. 432, though this Court held that a member of the grand jury which returned the indictment against the accused is competent as a witness in his behalf to show that statements made by a prosecuting witness at the trial of the accused regarding his guilt or some fact material to his defense are inconsistent with or contradictory to statements made by the same witness at the preliminary examination, it also held in point 1 of the Syllabus that: "Generally grand jurors cannot be required or permitted to divulge what occurred during an investigation of matters properly committed to them." The opinion in that case contains this language: "For some purposes, it is true, as remarked by the judge of the trial court, grand jurors cannot be required or permitted to divulge what occurred during an investigation of matters properly committed to them under the usual charge, especially where as in some jurisdictions they are sworn to secrecy. The action of no member of such inquisitorial body can lawfully become the subject of inquiry, nor can he be interrogated with respect thereto. *State v. B. & O. R. R. Co.*, 15 W.Va. 362."

In *State v. Wetzel*, 75 W.Va. 7, 83 S.E. 68, Ann. Cas. 1918A 1074, this Court said in the opinion that "The law holds inviolate the secrecy of proceedings before the grand jury. No one is permitted to be present, when they are voting on an indictment, not even the prosecuting attorney, or the judge of the court, and no person, not a witness sworn and sent before them to give evidence, or the prosecuting attorney for the purpose of advising them upon questions of law only, is permitted to be present at any time while they are considering evidence."

For an enlightening discussion of the reasons for the rule which rejects the evidence of petit jurors to impeach their verdict, see the opinion of Judge Brannon in *Pickens v. Boom Company*, 58 W.Va. 11, 50 S.E. 872, 6 Ann. Cas. 285. The

same reasons apply to and require the rejection of evidence of members of the grand jury to impeach an indictment which it has found and returned.

The requirement of secrecy of the proceedings before a grand jury in this state as to matters properly committed to it does not result from any oath of secrecy taken by a grand juror for no such oath is required by any statute of this State. Instead, the requirement of secrecy is imposed by a sound public policy which forbids grand jurors to impeach their indictment by their own testimony. See *O'Neill v. Keeling,* 227 Iowa 754, 288 N.W. 887, 127 A.L.R. 1050.

There is no merit in the contention of the petitioner that the action of the special judge of the criminal court in disqualifying the petitioner from acting in connection with the indictment and prosecution of the petitioner was unauthorized and invalid as an ineffective attempt to remove the petitioner from office. It is clear that the special judge of the criminal court of Harrison County did not undertake to remove him from office pursuant to the provisions of Section 7, Article 6, Chapter 6, Code, 1931, but instead merely disqualified him from acting in connection with the proceedings relating to the indictment and the prosecution of the petitioner for the offense charged against him in the indictment as provided by Section 6, Article 7, Chapter 7, Code, 1931, as amended. That statute, to the extent here pertinent provides that "if in any case the prosecuting attorney and his assistant be unable to act, or if in the opinion of the court it would be improper for him or his assistant to act, the court shall appoint some competent practicing attorney to act in such case." The statute clearly contemplates summary action by the trial court, in which a proceeding is pending, and makes no provision for notice to the prosecuting attorney or for a hearing concerning his disqualification to act in the particular circumstances. Any provision for notice and hearing would result in delay and operate to defeat the purpose of the statute. Furthermore, notice and hearing are generally unnecessary for, as here, there is no dispute in the material facts and the court and the prosecuting attorney were entirely and equally familiar with the situation which disqualified the petitioner from acting as

the prosecuting attorney in connection with the proceedings relating to his indictment and prosecution.

In *State v. Smith*, 117 W.Va. 598, 186 S.E. 621, in considering the provisions of Section 6, Article 7, Chapter 7, Code, 1931, as amended, this Court in the opinion said that the statute "requires the trial court to appoint an attorney to prosecute any case (within the jurisdiction of the prosecuting attorney) in which the court is of opinion it would be improper for the prosecuting attorney and his assistant (if he has one) to act, or the prosecuting attorney and his assistant are unable to act;".

Under Section 6, Article 7, Chapter 7, Code, 1931, as amended, a special judge of a criminal court of a county, in which proceedings are pending relating to the indictment and prosecution of the prosecuting attorney of the county, is authorized to disqualify the prosecuting attorney from acting in such matters and to appoint a special prosecuting attorney to act in the place and stead of the prosecuting attorney in the matters in which he is disqualified from acting.

It is therefore clear that the special judge of the criminal court of Harrison County was authorized and empowered to disqualify the petitioner as the prosecuting attorney of the county from acting in connection with the matters in which he was involved, and to appoint the defendant, William G. Johnson, to act in the place and stead of the petitioner in such matters and that action of the special judge was free from error and was in all respects correct and proper.

As heretofore indicated, the action of the special judge in disqualifying the petitioner did not remove him from his office as the regular prosecuting attorney of Harrison County. He continues to be the prosecuting attorney of Harrison County and, of course, may exercise all the rights and powers, and perform all the duties of that office with respect to all matters other than those from which he has been disqualified from acting by the special judge of the criminal court of Harrison County.

A duly appointed special prosecuting attorney to act in matters in which the prosecuting attorney is disqualified from acting may, in the place and stead of the prosecuting attorney, sign and endorse an indictment against him and appear before the grand jury in connection with the indictment and the prosecution of the prosecuting attorney for the offense charged against him; and such action by the special prosecuting attorney does not vitiate the indictment.

Under the statute and by reason of his appointment the defendant Johnson, as special prosecuting attorney, was authorized to act as special prosecuting attorney of Harrison County in signing and endorsing the indictment and his action in that respect was valid and legally effective. For the same reason the defendant, as special prosecuting attorney, was entitled to appear before the grand jury, in the manner provided by law, in connection with the matters as to which the petitioner was disqualified and such action by the defendant as special prosecuting attorney did not operate to invalidate the indictment of the petitioner by the grand jury.

The order of the attorney general that Patrick Casey, prosecuting attorney of Kanawha County, perform the duties of the petitioner as prosecuting attorney of Harrison County in connection with the indictment and prosecution of the petitioner, did not require the special judge of the criminal court of Harrison County to accept the services of the prosecuting attorney of Kanawha County and it was not error for the special judge to refuse to do so. Nor did the order of the attorney general deprive the special judge of the criminal court of Harrison County of his power and authority under Section 6, Article 7, Chapter 7, Code, 1931, as amended, to appoint the defendant, William G. Johnson, as special prosecuting attorney to act as such in connection with the indictment and prosecution of the petitioner. The statute on which the attorney general based his order, Section 2, Article 3, Chapter 5, Code, 1931, to the extent here pertinent, provides that the attorney general "may require the several prosecuting attorneys to perform, within the respective counties in which they are elected, any of the *legal duties required to be performed by the attorney general,* which are not inconsistent with the duties of the prosecuting

attorneys as the legal representatives of their respective counties; when the performance of any *such duties* by the prosecuting attorney conflict with his duties as the legal representative of his county, or for any reason any prosecuting attorney is disqualified from performing *such duties,* the attorney general may require the prosecuting attorney of any other county to perform *such duties,* in any county other than that in which such prosecuting attorney is elected * * *." (Emphasis supplied.) This statute applies to the performance by the prosecuting attorneys of the counties of the *duties required to be performed by the attorney general* and not to the performance of the ordinary duties of the prosecuting attorney as such. As the duties of the prosecuting attorney of Harrison County in connection with the indictment and prosecution of the petitioner were not duties which the attorney general was required to perform the statute did not apply and the special judge of the criminal court of Harrison County was not required to designate and recognize the prosecuting attorney of Kanawha County as special prosecuting attorney of Harrison County.

The reply brief of the petitioner asserts that the special judge of the criminal court was disqualified from acting in the criminal prosecution of the petitioner and because of his disqualification all his acts are null and void. There is no merit in this contention. The reply brief states that as a matter of public record the special judge on November 1, 1970 was also the duly elected and acting police judge of the City of Clarksburg, that according to Volume 53, West Virginia Blue Book, 1969, municipal elections are held bi-annually on the first Tuesday in June, that the next such election is June 1, 1971, and that the special judge is there listed as police judge. This Court does not take judicial notice of the contents of the West Virginia Blue Book and there is nothing in the record to indicate that the special judge, when elected to that position held any other office or was disqualified to act for any other reason. But, if he did hold the office of police judge of the City of Clarksburg when elected as special judge on November 10, 1970, and for that reason was disqualified to act in the criminal prosecution against the petitioner, such disqualification

would not invalidate his acts as special judge. In that situation he would be a de facto officer and his acts, performed before his removal from office, would be valid as to third persons. In the leading case of *Building and Loan Association v. Sohn*, 54 W.Va. 101, 46 S.E. 222, cited by counsel for the petitioner, but without reference to the following syllabus, this Court held in point 11 of the syllabus that "One who forfeits his right to an office of which he is the incumbent, by accepting another which is incompatible with it, and afterwards performs the functions of the office forfeited, is an officer, *de facto*, and his acts, done before removal from such office, are valid as to persons other than himself." So, even if his occupancy of the office of police judge should operate to forfeit his office as special judge of the criminal court of Harrison County, his acts as such special judge with respect to persons other than himself, would be valid and effective. This Court has also held that a regular judge who acts before taking the oath of office is as to such acts a de facto officer and that his acts as such are valid. *Tower v. Whip*, 53 W.Va. 158, 44 S.E. 179, 63 L.R.A. 937. Furthermore, the grounds on which a special judge is disqualified from acting are identical with those which by statute operate to disqualify a regular judge and are set forth in Section 8, Article 2, Chapter 51, Code, 1931. See point 1, syllabus, *State ex rel. Monongahela Valley Traction Co. v. Beard*, 84 W.Va. 312, 99 S.E. 452. None of those grounds of disqualification appears to exist in the pending prosecution against the petitioner.

The writ of prohibition as prayed for in the petition is denied and the suspension order of this Court of January 25, 1971 is vacated and set aside.

*Writ refused.*

Judge Browning not having any interest in the case did not disqualify himself and participated in the decision of this case and concurs in the result.