422 S.E.2d 521

**STATE of West Virginia, Plaintiff Below, Appellant,**

v.

**JAMES R., II, Defendant Below, Appellee.**

No. 20933.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Oct. 9, 1992.

---

Mario J. Palumbo, Atty. Gen., Michael J. Basile, Asst. Atty. Gen., Charleston, for appellant.

Thomas R. Michael, Michael & Kupec, Clarksburg, for appellee.

BROTHERTON, Justice:

In an order dated November 6, 1991, the Circuit Court of Harrison County disqualified the Prosecuting Attorney of Harrison County and his assistants from pursuing sexual abuse charges against the appellee. The basis for this decision was the prosecution's representation of the State of West Virginia in a civil abuse and neglect case which arose from the same facts and circumstances. The appellant, the State of West Virginia, now appeals from this order.

A child abuse and neglect petition was initially filed against the appellee, James R., and his wife, Cindy R., in the Juvenile Court of Harrison County on March 4, 1991. The petition alleged that the appellee sexually abused his three children and also forced his wife to engage in sexual

relations with their oldest son, who was twelve years of age.

On April 11, 1991, the appellee moved for an improvement period which is provided by W.Va.Code § 49–6–2(b).[1] The circuit court granted the appellee's motion on April 29, 1991, and set forth various terms and conditions of the improvement period, one of which was the requirement that the appellee undergo a psychological examination.

The appellee subsequently filed a motion seeking a grant of immunity that would serve to suppress any inculpatory evidence revealed in the course of his psychological treatment. The appellee also sought to disqualify the prosecuting attorney and his assistants from pursuing criminal charges against him because of their involvement in the civil abuse and neglect case.

A hearing was held on this motion on August 13, 1991. The appellee argued that the prosecuting attorney would obtain privileged information as a result of his involvement in the abuse and neglect proceeding, and he should therefore be disqualified and precluded from pursuing any criminal charges against the appellee that would arise from these proceedings. The State pointed out that W.Va.Code § 49–6–4(a) specifically prohibits the use of such evidence in subsequent criminal proceedings. Nonetheless, the circuit court found in favor of the appellee and disqualification, but did not enter an order at this time.

On September 9, 1991, a Harrison County grand jury returned a nine-count indictment against the appellee, alleging that he had committed various sexual offenses against his own children as well as other children who lived in his home.[2]

On September 25, 1991, a hearing was held on the appellee's motion to dismiss the indictment and his motion to have the court enter an order reflecting its decision regarding prosecutorial disqualification. First, the lower court dismissed the indictment, and then on November 6, 1991, an order was entered disqualifying the prosecutor's office from pursuing criminal charges against the appellee.

■ On appeal, the State of West Virginia now argues that the circuit court erred in disqualifying the prosecutor. The State contends that the prosecutor's office has not represented conflicting interests in the case. Furthermore, the State points out that "[a] prosecutor's duty as a public officer is to serve the interest of the State in securing convictions of those who violate the laws of this organized society." *State v. Britton*, 157 W.Va. 711, 715, 203 S.E.2d 462, 466 (1974).

In this instance, the prosecution maintains that its first duty as counsel for the State in the abuse and neglect proceeding was "to assure the safety and well-being of the abused children." However, "once the prosecutor had reason to believe the appellee sexually abused his children and others, there was a statutory duty incumbent upon him to prosecute criminal charges against the appellee." It is the State's position that "[c]learly, these interests are not conflicting." We agree.

■ In *Nicholas v. Sammons*, 178 W.Va. 631, 363 S.E.2d 516 (1987), at syllabus point 1, we recognized two major categories of prosecutorial disqualification:

The first is where the prosecutor has had some attorney-client relationship with the parties involved whereby he obtained privileged information that may be ad-

**1.** West Virginia Code § 49–6–2(b) (1992) states that:

(b) In any proceeding under this article, the parents or custodians may, prior to final hearing, move to be allowed an improvement period of three to twelve months in order to remedy the circumstances or alleged circumstances upon which the proceeding is based. The court shall allow one such improvement period unless it finds compelling circumstances to justify a denial thereof, but may require temporary custody in the state depart-

ment or other agency during the improvement period. An order granting such improvement period shall require the department to prepare and submit to the court a family case plan in accordance with the provisions of section three [§ 49–6D–3], article six-d of this chapter.

**2.** The R.'s apparently lived in an "open" marriage with another couple who shared their home.

verse to the defendant's interest in regard to the pending criminal charges. A second category is where the prosecutor has some direct personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question.

Neither category is applicable to the facts of this case. There was never an attorney-client relationship between the prosecutor and the appellee herein,[3] nor was there even a hint of a direct personal interest of any kind. Instead, at all times the prosecution has represented only the interests of the State of West Virginia against those of the defendant, first in the civil proceedings and then when initiating criminal charges. However, a prosecutor does not represent conflicting interests by representing the State first in a civil abuse and neglect proceeding and then in subsequent criminal proceedings against the same person.[4] "As the primary responsibility of a prosecuting attorney is to seek justice, his affirmative duty to an accused is fairness." Syl. pt. 2, *State v. Britton*, 157 W.Va. 711, 203 S.E.2d 462 (1974).

More significant for purposes of our decision is the fact that the Legislature has already anticipated and addressed the situation with which we are now confronted. In W.Va.Code § 49–6–4(a) (1992), the Legislature dealt specifically with medical and mental examinations of parties to abuse and neglect proceedings and provided that, "[n]o evidence acquired as a result of any such examination of the parent or any other person having custody of the child may be used against such person in any subsequent criminal proceedings against such person."

We find this statutory provision to be dispositive of the issue which is now before us. Therefore, we reverse the November 6, 1991, order of the Circuit Court of Harrison County which disqualified the prosecuting attorney and his assistants from pursuing criminal charges against the appellee.

Reversed.

appearance of impropriety where an assistant prosecutor represented a different party against the defendant in two separate instances. Before becoming an assistant prosecutor, the attorney was in private practice and was appointed guardian ad litem for the appellant's three daughters in a child abuse and neglect proceeding. As assistant prosecutor, the attorney subsequently represented the interests of the State in the appellant's criminal prosecution.

**3.** In *State v. Riser*, 170 W.Va. 473, 294 S.E.2d 461 (1982), we pointed out that "there is a *considerable distinction* between the propriety of a private prosecutor acting against a man with whom he had previously spoken about defending him; and the propriety of allowing a private prosecutor to act in a criminal case and also in a civil case against a defendant." *Id.* at 478, 294 S.E.2d at 465 (emphasis added).

**4.** *See also State v. King*, 183 W.Va. 440, 449, 396 S.E.2d 402, 411 (1990), in which we found no