**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia ex rel. James Harris,**
**Petitioner**

**vs.) No. 21-0213** (Ohio County 21-P-16)

**Scott Smith, Ohio County Prosecuting**
**Attorney,**
**Respondent**

and

**James Harris,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0295** (Ohio County 21-P-16)

**Scott Smith, Ohio County Prosecuting Attorney,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner James Harris, a self-represented litigant, appeals the Circuit Court of Ohio County's March 30, 2021, order denying his renewed motion to disqualify the Ohio County Prosecuting Attorney's Office from acting on his application to present complaints to the grand jury. In addition, petitioner filed a petition for a writ of prohibition seeking a rule to show cause against respondent "prohibiting him and his staff from participating in [petitioner's] application to present complaints to the grand jury . . . so as to remove all potential appearances of impropriety in the proceedings . . . ." Respondent Scott Smith, Ohio County Prosecuting Attorney, by counsel Shawn R. Turak, filed a response in support of the circuit court's order in both Nos. 21-0213 and 21-0295. Petitioner submitted a reply in No. 21-0295.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

_____

[1] Upon consideration, the Court is of the opinion that a rule should not be issued, and the writ prayed for by petitioner in Case No. 21-0213 is hereby refused.

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, petitioner was convicted of one count of the felony offense of conspiracy; one count of the felony offense of abduction with the intent to defile; two counts of the felony offense of aiding/abetting sexual assault, second degree; and one count of the felony offense of sexual assault, second degree. Petitioner appealed those convictions to this Court, and this Court affirmed in *State v. Harris*, 226 W. Va. 471, 702 S.E.2d 603 (2010).[2] In 2021, petitioner asked the circuit court to present an indictment to the Ohio County Grand Jury seeking to indict former State Trooper Matthew Adams, who handled the investigation that led to petitioner's convictions, for perjury and to indict former Ohio County Assistant Prosecuting Attorney Joseph Barki, the lead prosecuting attorney on petitioner's underlying case, for subornation of perjury. In addition, petitioner sought to disqualify the Ohio County Prosecuting Attorney's Office from acting upon his "application." The circuit court denied petitioner's motion to disqualify respondent by order entered on March 1, 2021. It also denied petitioner's renewed motion for disqualification by order entered on March 30, 2021.

Petitioner originally filed his petition for a writ of prohibition with this Court on March 15, 2021, apparently addressing the original order denying the motion for disqualification. During the pendency of the petition for a writ of prohibition, petitioner also filed his direct appeal, appealing the March 30 order denying his renewed motion for disqualification. Neither of these orders deny petitioner's application to present charges to the grand jury.

"The Court has . . . indicated that whether a trial court should disqualify a prosecutor, or his office, from prosecuting a criminal defendant is reviewed under an abuse of discretion standard. *See, e.g., State v. Britton,* 157 W.Va. 711, 203 S.E.2d 462 (1974)." *State v. Keenan*, 213 W. Va. 557, 561, 584 S.E.2d 191, 195 (2003). While petitioner sets forth nine assignments of error, without addressing the vast majority of them in his brief, his arguments essentially fit into two categories: (1) the circuit court erred in denying his initial and renewed motion to disqualify respondent and (2) the circuit court erred by failing to conduct a hearing pursuant to this Court's findings in *Dreyfuse, In re Application to Present Complaint to the Grand Jury*, 243 W. Va. 190, 842 S.E.2d 743 (2020).

With regard to his contention that the circuit court erred in refusing to disqualify respondent, petitioner argues that if a prosecutor has a conflict or a personal interest in a criminal case he/she is handling, this can erode the public confidence as to the impartiality of the system.

---

[2] According to that opinion, while petitioner was under investigation for rape, he and his codefendants raped another individual. Petitioner was tried for charges stemming from the rapes of both women. This Court noted therein that

> because Mr. Harris was found to have committed two prior felonies, the abduction with intent to defile conviction was used to enhance the sentence for that crime to that of life imprisonment under the recidivist statutes. The trial court also ruled that Mr. Harris had to serve the life sentence before serving the other sentences.

*See* Syl. Pt. 4, *State v. Knight*, 168 W. Va. 615, 285 S.E.2d 401 (1981). He also asserts that circuit courts unquestionably have the authority to disqualify a prosecuting attorney from a criminal case, pursuant to West Virginia Code § 7-7-8, and appoint a competent practicing attorney to act as a special prosecutor. *State ex rel. Matko v. Ziegler*, 154 W. Va. 872, 179 S.E.2d 735 (1971). Petitioner filed a motion to disqualify the Ohio County Prosecuting Attorney from considering the application to present complaints to the grand jury "[e]mphatically[] detailing that the Ohio County [P]rosecutor Scott Smith was present and a participant during the grand jury proceedings where Matthew Adams and Joseph E. Barki are detailed within the Application to present Complaints to a Grand Jury as violators of West Virginia Penal laws . . . ." He contends that Mr. Smith's "impartiality and objectivity as well as prosecutor Scott Smith's usurping the authority of the Grand Jury by refusing to present petitioner[]'s Complaints to the Grand Jury for probable cause determination."

Petitioner asserts that the circuit court improperly rejected his argument that Mr. Smith had abdicated his duty by refusing to disqualify himself from the application to present complaints to the grand jury. According to petitioner, the circuit court failed to provide findings of fact to justify its conclusion that good cause exists to deny petitioner's motion for disqualification. Petitioner also claims that it failed to set forth legal analysis as to why its denial of the motion was proper so it is necessary to reverse the circuit court's order and remand for the entry of a new order that is sufficient for appellate review.

> In *Nicholas v. Sammons,* 178 W.Va. 631, 363 S.E.2d 516 (1987), at syllabus point 1, we recognized two major categories of prosecutorial disqualification:
>
>> The first is where the prosecutor has had some attorney-client relationship with the parties involved whereby he obtained privileged information that may be adverse to the defendant's interest in regard to the pending criminal charges. A second category is where the prosecutor has some direct personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question.

*State v. James R., II*, 188 W. Va. 44, 46, 422 S.E.2d 521, 523 (1994). As the circuit court found in the instant case, in its order denying petitioner's motion to disqualify respondent,

> Petitioner claims that the perpetrator who suborned the perjured testimony that is the subject of his *Application* is Joseph Barki, III, who was an [a]ssistant [p]rosecuting [a]ttorney at the Ohio County Prosecutor's Office at the time of the allegedly suborned testimony. However, Mr. Barki was not employed by the Ohio County Prosecutor when [p]etitioner initiated this action. Furthermore, [p]etitioner's claim that the Ohio County Prosecutor, Scott Smith and/or any other [a]ssistant Ohio County [p]rosecutors, aided Mr. Barki in the allegedly suborned testimony at [p]etitioner's original trial is unsubstantiated. Moreover, [p]etitioner asserted no independent grounds as to a conflict with Matthew Adams. Thus, there is no conflict of interest requiring that the Ohio County Prosecutor be disqualified from the litigation . . . .

In its order denying petitioner's renewed motion, the circuit court set forth the following:

> [A]s established in the last [o]rder entered by [that court], Mr. Barki is no longer employed by the [Ohio County Prosecuting Attorney's Office]. Moreover, outside of bald assertions, [p]etitioner has presented no independent evidence substantiating the claim that a conflict with [that office] exists. Finally, as established in the first [o]rder, independent grounds as to a conflict with Matthew Adams has not been established. Thus, there is no conflict of interest requiring that [respondent] be disqualified from this litigation . . . .

Based on petitioner's skeletal arguments[3] and the circuit court's findings, this Court cannot find that the circuit court abused its discretion in denying petitioner's original or renewed motion to disqualify respondent. Further, we disagree with petitioner's assertion that the circuit court's orders are insufficient to allow this Court to properly consider this matter.

To the extent petitioner claims error in the circuit court's failure to conduct a *Dreyfuse* hearing, we find no merit to that assertion. As the circuit court set forth in its March 1, 2021, order,

> at this stage of the litigation, it cannot be conclusively determined that [p]etitioner is "engaging in conduct which demonstrates a clear intention to obstruct the administration of justice." Consequently, in accordance with the opinion in *Dreyfuse*, the [c]ourt will provide a copy of the *Application* to the Ohio County Prosecutor's Office to begin the process detailed within the Supreme Court opinion in *Dreyfuse*.

Thus, it is clear that the circuit court has not denied petitioner a *Dreyfuse* hearing. As set forth in *Dreyfuse*,

> [w]hen a private citizen seeks to present a complaint to the grand jury, he must first apply to the circuit court. The circuit court shall then provide a copy of the application to the prosecuting attorney. Upon receipt of the private citizen's application, the prosecuting attorney may then initiate grand jury proceedings based on the allegations in the private citizen's application or he may decline to do so. If a prosecuting attorney declines to initiate grand jury proceedings, or does not act upon the application within a reasonable period of time, the private citizen may seek review of their application in the circuit court. In reviewing the private citizen's application after a prosecuting attorney declines to initiate grand jury proceedings or does not act upon the application within a reasonable period of time, the circuit court shall conduct an *in camera* hearing to provide the private citizen and the

---

[3] As we previously have stated "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State, Dep't of Health and Human Res., Child Advocate Office on Behalf of Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

4

> prosecuting attorney an opportunity to address the court regarding the private citizen's application.

243 W. Va. at 192, 842 S.E.2d at 745, Syl. Pt. 11. Therefore, it appears that the circuit court properly provided a copy of petitioner's application to respondent in accordance with *Dreyfuse*. We hereby direct the circuit court to continue its compliance with the procedure this Court set forth in *Dreyfuse* going forward in the underlying matter.

Affirmed.

**ISSUED:** February 25, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment